John G. COMERFORD, Plaintiff, Appellant,

v.

COMMONWEALTH OF MASSACHU-SETTS et al., Defendants, Appellees.

No. 5095.

United States Court of Appeals First Circuit.

May 18, 1956.

Rehearing Denied June 5, 1956.

John G. Comerford pro se.

Fred L. True, Jr., Asst. Atty. Gen., with whom George Fingold, Atty. Gen., and Joseph H. Elcock, Jr., Boston, Mass., were on the brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is a suit under the civil rights statute, 28 U.S.C. § 1343(3), the basic object of which is to require the Commissioner of Correction of the Commonwealth of Massachusetts to give the plaintiff the benefits of Mass. Acts of 1955, Ch. 770, § 66, for a period prior to its effective date. The court below immediately dismissed the complaint *sua sponte* but permitted the plaintiff to proceed *in forma pauperis* for the purpose of taking this appeal.

The plaintiff is now serving two overlapping sentences in a Massachusetts penitentiary. While he was serving those sentences, Chapter 770, supra, was enacted, with an effective date of October 20, 1955 (§ 123). This act repealed an earlier statute, Mass. Acts of 1948, Ch. 450, § 1, as amended, which plaintiff alleges had given prisoners sentenced to the term for which he was imprisoned six days good conduct credit per month and in addition a credit of four days per month for prison work well done. Section 66 of the 1955 enactment provided instead that such prisoners for general good conduct could earn a single credit of 12½ days per month against their maximum terms of imprisonment. Section 121A of the 1955 act further provided:

"Good conduct credits as provided in this act shall apply only to time served subsequent to the effective date of this act; provided, that good conduct and good work credits accumulated by any prisoner before said effective date shall, subject to the rules and regulations of the department, continue to be credited at the rate in effect prior to the passage of this act."

Therefore, a prisoner sentenced before the effective date of Chapter 770 who had a good conduct and good work record, which the plaintiff says he has, would, on plaintiff's allegations, earn ten days per month off his maximum sentence up to October 20, 1955, and 12½ days per month thereafter, whereas a prisoner sentenced to the same maximum term after that date would, with a similar record of behavior, earn 12½ days credit per month for his entire term. Thus the prisoner who had been sentenced before the critical date would in fact serve a longer imprisonment than the prisoner with a like record who had been sentenced to an identical term after the critical date. This, the plaintiff asserts, deprives him of his federal constitutional right to the equal protection of the laws.

The same situation might arise when a legislature prospectively reduced the maximum penalty for a crime, for then a prisoner sentenced to the maximum penalty before the effective date of the act would serve a longer imprisonment than one sentenced to the maximum term thereafter. Yet we are not aware of any violation of the constitutional rights of either group of prisoners in that situation, nor in the one before us, provided as here that all prisoners in each group are treated alike with respect to the rate at which good conduct credits are earned after the enactment of the statute. There is nothing unconstitutional in a legislature's conferring a benefit on prisoners only prospectively.

The plaintiff further contends that § 121A of Chapter 770 deprives him

of the right, "vested and incorporated" into his two criminal sentences, to continue to earn the benefit of the four days per month credit for work after October 20, 1955, and up to the end of his time in prison. The seeming inconsistency between his insistence that the enlarged benefit for good conduct be applied retroactively, and this second argument that the change from a dual system to a single system of benefits cannot even be applied prospectively, he justifies on the basis of the separability provision of Chapter 770, § 117. We need not decide whether the separability provision does justify that position. Nor do we have to decide whether the legislature could reduce the rate for the further accrual of credits against the maximum term of imprisonment from that rate in effect when the particular prisoner was sentenced. Cf. Murphy v. Commonwealth, 1899, 172 Mass. 264, 52 N.E. 505, 43 L. R.A. 154. Here the legislature did no such thing; on the contrary, it increased the total credits from the alleged ten days per month to 12½ days per month, which increase is the basis of the plaintiff's main argument that we have already dealt with. We see nothing unconstitutional in combining such an increase in benefits with a change from a dual measure of benefits to a single measure. Contrary to the plaintiff's statement, the old statute provided for the forfeiture of work credits, as well as of good conduct credits, in certain circumstances. The terms of the new statute with respect to this matter seem to be no less favorable to the plaintiff, upon his own allegation that he has a record while in prison both of good conduct and of good work. Section 121A expressly preserves the good conduct and good work credits accumulated under the old system prior to the effective date of Chapter 770.

Further elaboration would serve no useful purpose.

The order of the District Court dismissing the plaintiff's complaint is affirmed.