## Gerald Mastracchio vs. Superior Court.

APRIL 30, 1964.

Present: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. This petition for certiorari was presented to us by a person confined at the adult correctional institutions, and was considered on briefs. The petitioner elected to present the case both before the superior court and here without the assistance of counsel. We review an order of the superior court refusing to grant the petitioner's application for an order restraining the warden of those institutions from denying him for time served subsequent to May 6, 1960, the effective date of P. L. 1960, chap. 112, the enlarged benefits for good behavior awarded to prisoners pursuant to that chapter. The writ issued and pursuant thereto the pertinent papers have been certified to this court.

Because we are disposed to pass on the substance rather than the form of proceedings initiated by one in petitioner's circumstances, we will review the action of the superior court, although we are unaware of any statutory or equity proceeding whereby what petitioner has designated a "Pe-

tition For A Motion For A Restraining Order" is available for a determination of the issue raised therein. See *Worrell* v. *Beach,* 63 R. I. 95.

At the outset, respondent contends that certiorari does not lie to review alleged errors of law of an interlocutory order in circumstances where those errors might be reviewed on appeal after entry of a final decree. While respondent correctly states our ordinary practice, we deviate from it when the questions raised involve the construction of a legislative enactment and its conformity to the federal constitution. The legal issues thus raised are exceptional and sufficient to warrant the exercise of our discretion in granting the writ. *Thayer Amusement Corp.* v. *Moulton,* 63 R. I. 182.

This brings us to the substantial issue. The petitioner is serving consecutive sentences which were imposed prior to the enactment of chap. 112. That act increased the good behavior deductions authorized under the preexisting statute.

The petitioner while conceding that the preexisting statute controls as to time served prior to May 6, 1960 contends that his federal constitutional right to the equal protection of the laws requires that chap. 112 governs in the computation of his credits for good behavior for time served subsequent to May 6, 1960. Stated otherwise he contends that his credits should be determined no differently from those of persons imprisoned subsequent to May 6, 1960. This precise issue was answered adversely to petitioner's contention in our *Opinion to the Governor,* 91 R. I. 187, where we advised that the enlarged benefits of chap. 112 could not be extended to *any* portion of the terms of persons sentenced prior to its effective date.

This situation in no way differs from one where a legislature prospectively reduces the maximum penalty for a crime. In that instance, and without any constitutional violation, one sentenced to the maximum term on the day

preceding the effective date of the new statute will serve a longer term than one sentenced to the maximum term on the next day. See *Comerford* v. *Commonwealth of Massachusetts*, 233 F.2d 294. Here two prisoners, one of whom was sentenced prior to the critical date of chap. 112 and the other of whom was thereafter sentenced to an identical term, will receive varying credits for good time. In each instance the classification which is determined by the effective date of the legislation is neither arbitrary nor unreasonable. So long as the good behavior credits of the class of those sentenced prior to May 6, 1960 are computed in a like manner and the members of that class are offered identical treatment, there is no denial to petitioner of the equal protection of the laws, even though persons sentenced subsequent to May 6, 1960 may be treated differently. See *Berberian* v. *Lussier*, 87 R. I. 226.

The petitioner relies on *Comerford* v. *Commonwealth of Massachusetts, supra,* where the court held that statutory good time credits did not extend to the portion of a sentence served prior to the legislation's critical date. Although discussed, the court did not pass on the validity of that section of the statute pursuant to which prisoners sentenced prior to its effective date were benefited by increased credits for time served thereafter and the case is not therefore a precedent upon which petitioner can rely.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers certified to this court are ordered returned to the superior court with our decision endorsed thereon.

*Gerald Mastracchio* pro se petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State, respondent.