THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN ROCKWELL, Defendant-Appellant.

(No. 70-153;

Fifth District—November 3, 1971.

Paul Bradley, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of Defender Project, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

PER CURIAM:

Defendant pleaded guilty to two counts of aggravated battery and filed a petition for probation which after hearing was denied. The prosecution, in view of the circumstances of the incident which led to prosecution, recommended a sentence of one to two years. The court sentenced defendant to a minimum of two years and a maximum of five years.

The 23-year-old defendant had served in the U.S. Navy from which he had been honorably discharged and soon thereafter joined the Army and was sent to Viet Nam. During his time in the Army he was twice decorated with a Bronze Star, and awarded a Purple Heart as a result of wounds suffered in action. During the time he was in the Armed Services he completed his high school education and while in the Army completed a course in the Finance Procedure School for which he was awarded a diploma by the Army Finance School. While in the Army

there was some incident, the details of which are undisclosed by the record, which resulted in an undesirable general discharge. By testimony offered, it appears that he chose to accept such discharge rather than stand a court martial. Since his discharge, he had prepared himself to enter college, by enrollment in a junior college, supported himself there by working, and had passed a test for acceptance as a trainee of a national retailer. Defendant had no record of prior conviction.

Events which have occurred since his sentence, including the completion of approximately one year of college work in the penitentiary, make it unnecessary for us here to consider whether the trial court abused its discretion in denying probation, although much of what we pointed out in *People v. McClendon* (Ill.App.2d, 265 N.E.2d 207, would be here applicable. After serving approximately 15 months of his sentence, application was made to this Court for bond pending appeal, which was granted. Thereafter defendant enrolled in a university and during the pendency of this appeal has been so enrolled. From defendant's attitude before the trial court, evidence there offered, his contrition and other circumstances, we consider his to be a proper case for a reduction of sentence, so that defendant may be allowed to continue normal community contacts without further exposure to the "* * * stultifying effects of confinement which often * * * complicate the reintegration of the offender into the community * * *." *People v. McClendon, supra.*

We therefore modify the sentence imposed, reducing the minimum from two years to one year and reducing the maximum from five years to the time served.

Judgment affirmed, sentence modified.