**Irvin Russell JONES, Petitioner-Appellant,**

v.

**H. C. CUPP, Warden, Oregon State Penitentiary, Respondent-Appellee.**

**No. 71–1034.**

United States Court of Appeals, Ninth Circuit.

Dec. 29, 1971.

---

1. Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

Bert E. Green, San Francisco, Cal., for petitioner-appellant.

Lee Johnson, Atty. Gen. of Oregon, John W. Osburn, Sol. Gen., Jim G. Rus-sell, Asst. Atty. Gen., Salem, Or., for re-spondent-appellee.

Before CHAMBERS, DUNIWAY and TRASK, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the United States District Court deny-ing petitioner's application for a writ of habeas corpus. Petitioner contends that the district court should have granted the writ because (1) his guilty plea to second-degree murder was induced by an allegedly coerced confession, (2) the plea was induced by a promise of leniency, and (3) the State of Oregon has arbi-trarily refused to apply a 1963 reduction in the penalty for second-degree murder to his 1941 conviction. We affirm.

The murder which gave rise to the conviction occurred on the night of July 17, 1941, in The Dalles, Oregon. Peti-tioner was arrested two days later at his parents' home in Canby. Following a police interrogation which lasted approx-imately nine hours, petitioner gave a complete confession to the crime.

He was charged with first-degree murder, a charge which, at that time, carried a death penalty unless the jury recommended life imprisonment. On September 4, 1941, after petitioner had not heard from his retained counsel, the state trial court appointed counsel to represent him. Two weeks later peti-tioner and his appointed counsel ap-peared in court and tendered a plea of guilty to second degree murder which, at that time, carried a life sentence. The plea was ultimately accepted and a life sentence imposed.

One of the allegations in peti-tioner's federal habeas application was that his confession was coerced and this induced him to plead guilty. The dis-trict court did not resolve the conflicting testimony between petitioner and the district attorney who prosecuted the case, but after an evidentiary hearing and an examination of state court records, found that the plea was volun-tarily and intelligently entered. This

was proper. Absent a showing that petitioner's court-appointed attorney was incompetent, proof that a prior confession may have been involuntary is not a ground for setting aside a guilty plea. McMann v. Richardson, 397 U.S. 759, 770–771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Furthermore, petitioner's plea was entered two months after he gave the allegedly coerced confession and after consultation with his attorney. Hence, his contention that the coercive influences surrounding the confession carried over to the guilty plea finds no basis in the record. *Compare* Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716 (1940).

Petitioner also alleged that his plea was induced by unfulfilled promises which, if true, would be a basis for finding his plea involuntary. *See* Brady v. United States, 397 U.S. 742, 755, 90 S. Ct. 1463, 25 L.Ed.2d 747 (1970). However, on that point the court below reviewed the transcript of testimony in the state court post-conviction proceeding, and found that Jones received a full and fair evidentiary hearing with express findings of fact which were supported by the record. The district court did not abuse its discretion in accepting those findings. 28 U.S.C. § 2254(d).

In 1963 the Oregon Legislature eliminated the death penalty in first-degree murder cases and reduced the maximum sentence for second-degree murder from life to twenty-five years. O.R.S. § 163.020. Petitioner renews his contention that failure to apply the reduced penalty to persons sentenced before the effective date of the amendment is an arbitrary classification and denies him Equal Protection of the laws.

The argument is without merit. Savings provisions have long been a part of our law, both in criminal and civil cases. *See, e. g.,* 1 U.S.C. § 109. "There is nothing unconstitutional in a legislature's conferring a benefit on prisoners only prospectively." Comerford v. Commonwealth, 233 F.2d 294, 295 (1st Cir. 1956).

The judgment is affirmed.