THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY ODOM, Defendant-Appellant.

(No. 71-147;

Fifth District—October 27, 1972.

Roger M. Scrivner, of Cohn, Korein, Kunin and Brennan, of East St. Louis, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

PER CURIAM:

Defendant herein was convicted of the crime of rape and burglary in the Circuit Court of St. Clair County, and was sentenced to 25 to 50 years. This Court affirmed the conviction but vacated the sentence and remanded the cause to the Circuit Court for a hearing in aggravation

and mitigation. After a hearing in aggravation and mitigation, the same trial judge again imposed a sentence of 25 to 50 years. The sole issue presented by this appeal is whether the sentence thus imposed was excessive.

■■ This Court has held in the past that the purposes of sentencing are to provide adequate punishment for the offense, safeguard society from further offenses, and to rehabilitate the offender into a useful member of society. (*People v. Lillie* (1967), 79 Ill.App.2d 174, 223 N.E.2d 716.) Adequacy of punishment should determine the minimum sentence and the length of time needed to achieve rehabilitation should determine the maximum. (*People v. Helms* (1971), (Ill.App.2d), 272 N.E.2d 228.) Among the factors which should be considered in reviewing a sentence are the family relationship of defendant, past employment, the likelihood of rehabilitation, and his conduct during incarceration before sentencing. (*People v. Rockwell* (1971), 1 Ill.App.3d 878, 275 N.E.2d 191; *People v. Hogue* (1971), 1 Ill.App.3d 881, 275 N.E.2d 193; *People v. Walker* (1972), 4 Ill.App.3d 294, 280 N.E.2d 726.) In this regard it should be noted that testimony at the hearing in aggravation and mitigation revealed that defendant has no previous record of convictions. Although divorced from his wife, he had continued to support her and their five children voluntarily without being ordered to do so by the court granting the divorce. He spent ten years in service culminating with an honorable discharge. Since incarceration in the penitentiary he has been active in the music department and is now the Assistant Director of the choir.

■■ It thus appears that defendant has exhibited a positive attitude and should be a proper candidate for parole sometime in the future. However, excessive sentences may defeat the effectiveness of the parole system by making mandatory incarceration long after rehabilitation is accomplished. (*People v. Lillie* (1967), 79 Ill.App.2d 174, 223 N.E.2d 716.) It should also be noted that the 1968 draft of the ABA Project on Minimum Standards for Criminal Justice provides:

> "In order to preserve the principles of indeterminacy, the Court should not be authorized to impose a minimum sentence which exceeds one-third the maximum sentence actually imposed."

■■ The new Unified Code of Corrections which takes effect in January, 1973 also imposes the same restriction. Although it is not yet the law, it is clear that the Legislature of Illinois had adopted the philosophy of the ABA Project with respect to sentences and the parole system. In view of the foregoing the sentence is hereby modified to a minimum of 8 years and a maximum of 25 years.

Judgment affirmed; sentence modified.