## No. 25802

**The People of the State of Colorado v. Eugene E. Arellano**
(524 P.2d 305)

Decided July 1, 1974. Rehearings denied July 22, 1974 and July 29, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

MR. JUSTICE LEE delivered the opinion of the Court.

On rehearing, the Court's original opinion in this case, announced February 19, 1974, is withdrawn.

Appellant Eugene E. Arellano was convicted of possession of narcotic drugs in violation of C.R.S. 1963, 48-5-2, and, on March 14, 1969, was, sentenced to the state penitentiary. On appeal, his conviction was affirmed in *People v. Arellano,* 177 Colo. 286, 493 P.2d 1362.

While appellant's appeal was pending, the statute under which he was sentenced was amended effective July 1, 1971, to substantially reduce the penalty for violation thereof. 1971 Perm. Supp., C.R.S. 1963, 48-5-20(7)(a).

After affirmance on appeal, in August of 1972, appellant, pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1)(f), moved for reduction of his sentence to conform to the new penalty provisions. The trial court denied the motion. We affirm.

In *People v. Herrera,* 183 Colo. 155, 516 P.2d 626, this Court declared unconstitutional section 40-1-510(1)(f) as an invasion of the Governor's exclusive power to grant a commutation after conviction, as provided in Article IV, Section 7, of the Colorado Constitution, and also as a violation of the doctrine of separation of powers as embodied in Article III of the state constitution.

Appellant urges that even without the benefit of section 40-1-510(1)(f) mitigation of penalties may be had where, as here, the amendatory legislation took effect during the pendency of an appeal. In support of this position, he relies upon *In re Estrada,* 63 Cal. 2d 740, 48 Cal. Rptr. 172, 408 P.2d 948; *People v. Odom,* 8 Ill. App. 3d 227, 289 N.E.2d 663; *People v. Oliver,* 1 N.Y.2d 152, 151 N.Y.S.2d 367, 134 N.E.2d 197; *State v. Pardon,* 272 N.C. 72, 157 S.E.2d 698; *Belt v. Turner,* 25 Utah 2d 230, 479 P.2d 791.

We do not find the foregoing authorities persuasive in the present circumstances. None of these cases involved the consitutional rule announced in *People v. Herrera, supra* — that after conviction and exhaustion of appellate remedies, relief from a sentence validly imposed may not be obtained through the judiciary, but rather the remedy therefor lies in

the executive department by way of commutation. In *Herrera,* we drew the line of finality beyond which further judicial proceedings could not be maintained. Here, appellant had exhausted his appellate remedy of appeal and his conviction had become final before he had filed his motion. The court, therefore, was without jurisdiction to entertain his motion for relief.

Appellant further argues that if relief from his sentence is denied him, he is effectively deprived of his constitutional right to equal protection of the laws. He claims that the amendment to the penalty provision of the statute under which he was convicted, if applied only to those who are tried, convicted and sentenced after July 1, 1971, will result in an invidious discrimination against him, and others who were tried, convicted and sentenced prior to July 1, 1971. We do not agree.

■ In the context of sentencing for criminal offenses, equal protection requires only that those who have committed the same offense shall be subject to the same criminal sanctions in effect at the time the offense was committed. *See generally Truax v. Corrigan,* 257 U.S. 312, 42 S.Ct. 124, 66 L.Ed. 256, 27 A.L.R. 375. In other words, those similarly situated must be guaranteed like treatment. *Lee v. People,* 170 Colo. 268, 460 P.2d 796.

■ It is fundamental that the legislature has the inherent authority to define crimes and to prescribe punishment for criminal violations. This is a part of the sovereign power of the state to maintain social order. Just as the legislature may initially prescribe a penalty for a criminal violation, it may also, in its wisdom, from time to time change and adjust penalties as social necessities may mandate. Equal protection does not compel that equal punishment be imposed regardless of the time frame within which the crime was committed; rather, it requires only that those offenders within the same time frame be subjected to the same criminal sanctions. *Jones v. Cupp,* 452 F.2d 1091 (9th Cir. 1971); *Comerford v. Commonwealth,* 233 F.2d 294 (1st Cir. 1956); *Mirenda v. Ulibarri,* 351 F. Supp. 676 (C.D. Cal. 1972). We

find appellant's contentions in this respect to be without merit.

We have considered appellant's argument based upon the savings clause, C.R.S. 1963, 135-4-7, and find it to be irrelevant and without merit.

The judgment is affirmed.

MR. JUSTICE ERICKSON concurs in the result only.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY dissent.

MR. CHIEF JUSTICE PRINGLE dissenting:

I respectfully dissent.

In my view, the legislature spoke very clearly when it passed 1971 Perm. Supp., C.R.S. 1963, 40-1-510, in expressing its desire that those who were in the penitentiary should receive the benefit of any substantial change in the law affecting their sentences. Its laudable purpose was to equalize sentences in the penitentiary and to provide wherever possible that the accident of the time when a crime was committed should not be a factor which leads to a great disparity of sentences.

It was our constitutional duty to rule in *People v. Herrera,* 183 Colo. 155, 516 P.2d 626, that the legislative purpose could not be carried out where the judgment of conviction and the sentences had become final prior to the passage of 1971 Perm. Supp., C.R.S. 1963, 40-1-510. We did so because of our dedication to the principle of the separation of powers doctrine. However, I see no reason to apply that doctrine to this case and it is my firm belief that this Court should always carry out the intention of the legislative acts when it can constitutionally do so. Here, the judgment was on appeal and was, therefore, not final at the time the section in question was passed. The courts of this state had jurisdiction to re-sentence Arellano before his sentence became final. In my view, that jurisdiction continues until today. I would so hold and thereby carry out the intention of the legislature without in any way disturbing the doctrine of the separation of powers.

I think *In re Estrada,* 63 Cal. 2d 740, 48 Cal. Rptr. 172, 408 P.2d 948; *People v. Odom,* 8 Ill. App. 3d 227, 289 N.E.2d 663; and *People v. Oliver,* 1 N.Y.2d 152, 151 N.Y.S.2d 367, 134 N.E.2d 197, are persuasive and do lead to the result which I think is proper in this case.

I am authorized to say that MR. JUSTICE DAY concurs in this dissent.