MR. JUSTICE KELLEY
delivered the opinion of the Court.
Defendant appeals from an order of the District .Court of Pueblo County dismissing his motion for Postconviction Review, pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1 )(f). We affirm.
The record shows that the defendant was convicted by a jury of statutory rape on April 16, 1970. On May 18, 1970, the defendant was sentenced to the Colorado State Penitentiary. The judgment of conviction became final on September 13, 1972, when rehearing on his appeal to this court was denied. See People v. Chavez, 179 Colo. 316, 500 P.2d 365 (1972). On January 19, 1973, defendant filed his motion for postconviction review in the district court.
Defendant’s motion is based on significant amendments in the Criminal Code regarding statutory rape. These amendments became effective as of July 1, 1972, while defendant’s appeal was pending but before he filed his motion for postconviction relief.
This court recently addressed itself to the issue of the constitutionality of section 510(1)(f) in People v. Herrera, 183 Colo. 155, 516 P.2d 626 (1973). In Herrera we held that section 510(1)(f) constituted an unconstitutional infringement upon the governor’s exclusive power of commutation. See Colorado Constitution, Article IV, Section 7, People v. District Court, 180 Colo. 107, 502 P.2d 420 (1972).
*312 This case presents a slightly different situation than Herrera in that the change in the substantive law took effect during the pendency of defendant’s appeal. People v. Arellano, 185 Colo. 280, 524 P.2d 305 (1974), announced contemporaneously with this opinion controls here. Arellano holds that once a conviction has become final, any remedy lies in the Executive Department by way of commutation. The judgment is affirmed.
MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY dissent.