**Wilson COLVIN, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

No. 74–3341

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1975.

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

748

Wilson Colvin, pro se.

John L. Hill, Atty. Gen., Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM.

This habeas corpus appellant, Wilson Colvin, while represented by counsel, entered his plea of guilty to robbery by assault and was sentenced to confinement in the Texas state penitentiary for a term of not less than five years nor more than life. The sentence was imposed on September 25, 1950 in McLellan County, Texas. The record is silent as to any subsequent paroles or revocations.

In any event, Colvin was correctly sentenced under the statute in effect at the time. Thereafter, effective January 1, 1974, a new Texas Penal Code provides that robbery by assault shall be punished by confinement for not less than two nor more than twenty years.

The new Code contains the standard saving clause as to convictions and sentences entered prior to January 1, 1974.

The prisoner's contention that the enactment of the new Code and the repeal of the old Code section entitles him to release from his sentence is palpably without merit. See, e. g., Jones v. Cupp, 9 Cir., 1971, 452 F.2d 1091; Comerford v. Commonwealth, 1 Cir., 1956, 233 F.2d 294, cert. denied 352 U.S. 899, 77 S.Ct. 141, 1 L.Ed.2d 90. See, also, Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973) in which the Supreme Court sustained a specific saving clause as to probation, parole and suspension of sentence for certain narcotic offenders.

Thus, the District Court correctly dismissed Colvin's complaint for failure to state a claim upon which relief might be granted.

It has been suggested, however, that Colvin has not exhausted his state remedies and that he should be remanded to the state courts, 28 U.S.C. § 2254. We note that, although couched in different language, Colvin has sought habeas relief in the state courts for basically the same reason, that is, the repeal of the old statute and the enactment of the new one.

Colvin's petition fails to state a violation of federal constitutional right. Thus, there is nothing presented for exhaustion in the state courts. This being so, we do not read 28 U.S.C. § 2254, to command the waste of judicial resources which would necessarily follow a remand in this case.

The judgment of the District Court is Affirmed.