Raymond Leidig, M.D. Executive Director Department of Institutions 4150 South Lowell Boulevard Denver, Colorado 80236
Gorden W. Heggie Chairman Board of Parole 888 East Iliff Avenue Denver, Colorado 80210
Dear Dr. Leidig and Mr. Heggie:
QUESTION PRESENTED AND CONCLUSION
You have both asked what is the minimum sentence required to be served before a person serving a "straight" life sentence (i.e., with no specified minimum) becomes eligible for parole under C.R.S. 1973, 17-1-207. Is he eligible in ten years, as indicated by section (3), or must he serve the minimum of his natural lifetime, as indicated by section (1)?
 My conclusion is that a person sentenced to "straight" life is eligible for parole after ten calendar years. Good time does not apply in calculating the 10-year period.
ANALYSIS
At first blush, the two sections appear to be in hopeless conflict. However, the statute must be read so as to give some effect to section (3), since it is a fundamental rule of statutory construction that statutes not be construed as nugatory and of no effect. C.R.S. 1973, 2-4-201(1)(b); Johnson v.City Council, 177 Colo. 223, 493 P.2d 651 (1972);Colorado and Southern Railway Co. v. DistrictCourt, 177 Colo. 162, 493 P.2d 657 (1972); BlueRiver Defense Committee v. Silverthorne, 33 Colo. App. 10,516 P.2d 452 (1973).
The sections must be therefore read in pari materia.People in the Interest of MKA, 182 Colo. 172,511 P.2d 477 (1973). Colorado and SouthernRailway Co. v. District Court, supra; Peoplev. Gibson, 53 Colo. 231, 125 P. 531 (1912). By doing so, it can only be concluded that C.R.S. 1973, 17-1-207(3) means that a person sentenced to a "straight" life sentence is eligible for parole after serving ten calendar years despite the fact that he will not meet the minimum sentence requirement of C.R.S. 1973,17-1-207(1). In effect, C.R.S. 1973, 17-1-207(3) provides the minimum term for a "straight" life sentence.
Implicit in your inquiry is the ancillary question of the Governor's authority to issue a commutation of a life sentence. It might be asked whether C.R.S. 1973, 17-1-207(3) would constitute a limitation of the Governor's commutation power, prohibiting him from commuting a life sentence to less than ten years. In my opinion, this construction would be untenable and would constitute a violation of the separation of powers required by the Colorado Constitution. Colo. Const., art. III; art. IV, § 7. The Colorado Supreme Court has recently held that the power to commute a sentence is exclusively an executive prerogative, and the legislature may not interfere or encroach on such power. People v. Simms, 186 Colo. 447, 528 P.2d 228
(1974); People v. Chavez, 185 Colo. 310, 524 P.2d 307
(1974); People v. Arellano, 185 Colo. 280, 524, P.2d 305 (1974); People v. Herrera, 183 Colo. 155,516 P.2d 626 (1973).
A second and more difficult ancillary question raised by C.R.S. 1973, 17-1-207(3) is the disparate effect which the ten year minimum has on inmates who were not given "straight" life sentences but were given minimum sentences by the sentencing court, as was permitted by the "leniency" provisions of C.R.S. 1973, 16-11-103, prior to their amendment in 1974. The result is clearly anomalous, in that fifteen years was the lowest minimum term permitted if the court granted such "leniency." Further, C.R.S. 1973, 18-1-105 allows for the imposition of terms in excess of ten years for class two and class three felonies, making an automatic ten year minimum for a class one felony extremely capricious in its effect.
Of course, the Governor's commutation power could be exercised to prevent injustice, and the Parole Board need not grant parole upon its consideration of the merits of cases referred prematurely under the provisions of C.R.S. 1973, 17-1-207(3). However, legislative consideration of this area would appear appropriate in light of the inequities apparent in the current statutory scheme.
SUMMARY
A person sentenced to "straight" life is eligible for parole after ten calendar years. Good time does not apply in calculating the 10-year period.
Very truly yours,
 J.D. MacFARLANE Attorney General
CORRECTIONS SENTENCE AND SENTENCING PROBATION AND PAROLE
C.R.S. 1973, 17-1-207
C.R.S. 1973, 27-20-107 C.R.S. 1973, 18-1-105
Colo. Const. art. IV, § 7
INSTITUTIONS, DEPT. OF Executive Director GOVERNOR, OFFICE OF CORRECTIONS, DEPT. OF
A person sentenced to "straight" life is eligible for parole after ten calendar years. Good time does not apply in calculating the 10-year period. (N.B. This opinion is to be read in conjunction with the March 3, 1977 formal attorney general opinion to Gerald L. Agee.)