THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN HAEPP, Defendant-Appellant.

First District (1st Division) No. 1—87—1145

Opinion filed January 29, 1990.

Randolph N. Stone, Public Defender, of Chicago (Marilyn Martin, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Patricia Y. Brown, and Laura J. Diamant, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, John Haepp, appeals from the trial court's resentencing order which sentenced him to concurrent prison terms of nine years for attempted armed robbery and 18 years for attempted murder. On appeal, defendant contends that, in determining his resentence, the trial court violated the Illinois Constitution by failing to accord proper weight to evidence of defendant's rehabilitation and by failing to consider rehabilitation as an objective of the sentence. For the following reasons, we affirm the judgment of the trial court.

On December 9, 1982, defendant was convicted of attempted murder, aggravated battery, attempted armed robbery and armed violence based on attempted armed robbery. The trial court merged the aggravated battery conviction into the attempted murder conviction and the attempted armed robbery conviction into the armed violence conviction. Defendant was then sentenced to concurrent terms of 18 years' imprisonment for attempted murder and armed violence. Defendant appealed his sentence on the ground that an armed violence conviction predicated on attempted armed robbery was impermissible double enhancement. The appellate court rejected defendant's contention and affirmed the trial court. Subsequently, in *People v. Del Percio* (1985), 105 Ill. 2d 372, 475 N.E.2d 528, the Illinois Supreme Court held that an armed violence conviction based on attempted armed robbery did constitute double enhancement. As a result, defendant moved for leave to appeal to the Illinois Supreme Court. His motion was granted and, in a supervisory order, the supreme court reversed the armed violence conviction, vacated the attempted murder sentence and re-

manded the cause for sentencing on defendant's attempted armed robbery conviction and for resentencing on defendant's attempted murder conviction.

At the new sentencing hearing on December 20, 1985, the State described the crime as a "senseless, meaningless" act, and argued that there was no justifiable basis for a sentence reduction. In mitigation, defendant's mother and his aunt testified that defendant had been rehabilitated while in prison and was a much better person than he had been prior to being incarcerated. In addition, defendant submitted a letter from his uncle which stated that he would employ defendant as a truck driver for his company upon defendant's release from prison. Defendant also submitted a letter from the prison chaplain which stated that defendant had been an active volunteer in the chaplain's office, and that defendant had been sincere and cooperative, was respected by other inmates as well as by corrections officers and had been living in an honor dormitory where he was given trustworthy assignments.

Following testimony and arguments, the trial court stated:

"I'm now ready to resentence. I have taken into consideration the nature of the crime, I have taken [into] consideration the social investigation report, which I went over from the prior sentencing. I've also carefully read the letters from the Chaplain in Joliet. I believe it was Father Gordon Kniece. I read that carefully. Of course, Father Kniece calls what happened a few years [ago] foolishness. He merely considers this crime as an act of foolishness. I don't and didn't at the time I sentenced.

When I sentenced before, I took into consideration Mr. Haepp's rehabilitative potential and [I've] taken into consideration Mr. Haepp's rehabilitative potential now.

I wonder if those who are sitting in the courtroom here who of course didn't hear the trial and heard the very eloquent remarks of Defense Counsel, heard the, should I say the really very sincere thoughts that come from a mother and aunt of this defendant.

I wonder, however, if no one else here remembers the trial other than me. I wonder what Jenner Evans would have to say were he back in this courtroom today.

But, I have fully taken into consideration the nature of this crime. I fully have taken into consideration what I have heard in aggravation and mitigation. The social investigation report. I have re-reviewed this case. I have digested the letter from Father Kniece and the letter from the gentleman from Cushing

Trucking Company. I have taken into consideration the rehabilitative potential. I have taken it [into] consideration now. And, I'm ready to sentence.

And, I sentence John Haepp to nine years for attempted armed robbery to be served concurrently with [the] crime of attempted murder, which I sentence again at 18 years. Recap on my sentence, 18 years, attempt murder; 9 years, attempt armed robbery, to be served concurrently."

Defendant's appeal followed.

Defendant contends that the trial court's comments about the evidence he had presented in mitigation at the resentencing hearing indicate the trial court's predisposition toward imposing the same sentence previously imposed, and that the trial court's failure to "act upon" the rehabilitative goal of sentencing indicates the "perfunctory consideration" the court gave to defendant's rehabilitative potential. In response, the State argues that the trial court's statement expressly indicates that it had considered defendant's rehabilitative potential, as well as the nature of the crime, and determined that concurrent prison terms of 9 years and 18 years were appropriate. The State further notes that the original 18-year sentence imposed for armed violence was reduced on resentencing to nine years for attempted armed robbery, which is well under the statutory maximum of 15 years for that crime, and that the resentence of 18 years for attempted murder was within the statutory guideline of 6 years to 30 years for that crime.

■■ With respect to sentencing, article I, section 11, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §11) provides, in pertinent part, that: "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Rehabilitation must be an actual objective of the sentence (*People v. Gibbs* (1977), 49 Ill. App. 3d 644, 364 N.E.2d 491), and be clearly stated by the trial court as a consideration (*People v. Johnson* (1975), 29 Ill. App. 3d 763, 331 N.E.2d 306). On appeal, the reviewing court must find that the punishment clearly departs from the spirit and the purpose of fundamental law and from the State Constitution, which requires that the sentence be proportionate to the nature of the offense and the possibilities of rehabilitation, before the court modifies the sentence. (*People v. Treadway* (1985), 138 Ill. App. 3d 899, 486 N.E.2d 929.) Because it is not a reviewing court's function to serve as a sentencing court (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541), the reviewing court will not substitute its judgment for that of the trial court merely because it

might have imposed a different sentence. *People v. Lykins* (1979), 77 Ill. 2d 35, 394 N.E.2d 1182.

In the present case, although defendant relies extensively on article I, section 11, of the State Constitution and on cases that have interpreted that section, he focuses solely on the "objective of restoring" element of section 11 and completely ignores the "seriousness of the offense" element. In adopting this narrow view of article I, section 11, defendant argues that the trial court's failure to reduce his sentence is conclusive evidence that it had failed to properly consider his rehabilitative potential. In support of his argument, defendant relied on *People v. Odom* (1972), 8 Ill. App. 3d 227, 289 N.E.2d 663, *People v. Treadway* (1985), 138 Ill. App. 3d 899, 486 N.E.2d 929, and *People v. Johnson* (1975), 29 Ill. App. 3d 763, 331 N.E.2d 306.

Contrary to defendant's argument, *Odom* and *Treadway* support the reasonableness of the trial court's sentencing decision. Although, on resentencing, both the *Odom* court and the *Treadway* court reduced the original sentence imposed by the respective trial courts, the original sentences in each case were for substantially longer terms than the original sentence imposed in the present case. In relying on *Odom* and *Treadway*, defendant focuses only on the fact that the sentences were reduced. However, this fact cannot be viewed outside the context of the reasonableness of the sentence imposed. In *Odom*, defendant was convicted of rape and burglary and sentenced to an indeterminate sentence of 25 to 50 years. The appellate court affirmed the conviction, but vacated the sentence and remanded the cause for a hearing in aggravation and mitigation. After the hearing, the trial court imposed the same sentence. On appeal, the reviewing court noted defendant's lack of prior convictions, the fact he voluntarily supports his ex-wife and children, his honorable discharge from the service, and his participation in the penitentiary choir and reduced defendant's sentence to 8 to 25 years.

In *Treadway*, defendant was sentenced to concurrent prison terms of 60 years for attempted murder and armed violence as well as to one year for aggravated assault. Defendant appealed from the convictions and from the extended-term sentence. The reviewing court affirmed the convictions and reduced the sentence for attempted murder and armed violence to 30 years. In reducing the sentence, the *Treadway* court held that, although the heinous and brutal conduct of the crime warranted an extended-term sentence, the 60-year sentence would not serve defendant's rehabilitative potential. Instead, a shorter sentence of 30 years would allow defendant "the possibility of being restored to a meaningful, productive life, and at the

same time [would] be adequate retribution for his offenses, provide protection for society and serve as a deterrent." *Treadway*, 138 Ill. App. 3d at 905.

In the present case, similar to *Treadway*, defendant was convicted of attempted murder and attempted armed robbery. In sentencing defendant, the trial court followed the dictates of article I, section 11, of the State Constitution and considered both the heinousness of the crime and defendant's rehabilitative potential and sentenced him to concurrent terms of 9 years and 18 years, respectively. In our view, the sentence imposed in the present case satisfies the sentencing goals enunciated in *Treadway* by allowing defendant "the possibility of being restored to a meaningful, productive life" (*People v. Treadway* (1985), 138 Ill. App. 3d 899, 905, 486 N.E.2d 929), while also providing the necessary protection to society.

Further, we find that *People v. Johnson* (1975), 29 Ill. App. 3d 763, 331 N.E.2d 306, also relied upon by defendant, is factually distinguishable and unpersuasive. In *Johnson*, defendant was convicted of murder and three armed robberies. He was subsequently sentenced to death on the murder conviction and to three concurrent terms of 50 to 100 years for the three armed robbery convictions. Upon review, the court affirmed the convictions, vacated the sentence and remanded the cause for a new hearing in aggravation and mitigation. Following the hearing, defendant was resentenced to four indeterminate concurrent prison terms of 40 to 60 years. Defendant appealed, and the reviewing court affirmed the maximum term of 60 years, but remanded the cause for resentencing as to the minimum term on the grounds that there had been "no express indication that the *** rehabilitation factor was considered and possible indication that it was not considered." (29 Ill. App. 3d at 769.)[1] Unlike *Johnson*, the trial court in the present case expressly stated that it had considered the rehabilitative evidence.

Based on the aforementioned, we find that defendant's attempt to equate the trial court's failure to reduce his sentence with a failure to consider his rehabilitative potential is unfounded. Contrary to defendant's position, we find that the resentence imposed by the trial court follows the constitutional mandate of article I, section 11, which requires courts to consider the nature of the offense as well as the

---

[1]The *Johnson* court's decision was predicated on the general rule for indeterminate sentences that "the minimum sentence imposed upon a particular defendant must not be such as to frustrate the effectiveness of the parole system, by making mandatory his incarceration long after effective rehabilitation may have been accomplished." 29 Ill. App. 3d at 765-66.

defendant's rehabilitative potential, and that the trial court did not abuse its discretion. Therefore, we affirm the judgment of the trial court.

Affirmed.

MANNING and O'CONNOR, JJ., concur.