907 F.2d 1137
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clifford Delane DAVIS, Petitioner-Appellant,
v.
Raymond HAYES, Superintendent; State of North Carolina,
Respondents-Appellees.
 No. 89-7648.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 11, 1990.
Decided June 15, 1990.
Rehearing Denied july 9, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. James B. McMillan, Senior District Judge. (C/A No. 89-18-C-M)
 Clifford Delane Davis, appellant pro se.
 Richard Norwood League, Office of the Attorney General of North Carolina, Raleigh, N.C., for appellees.
 W.D.N.C.
 DISMISSED.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Clifford Delane Davis, a North Carolina inmate proceeding pro se, is currently serving a life sentence for rape. He seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. We deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 2
 Davis asserts that he was punished for exerising his right to a second jury trial after his first trial ended in a mistrial. There is no evidence in the record to support this allegation. Davis states that his life sentence is "abusive" and implies that, because he refused a plea agreement of 10 to 15 years, it is unfair. There is no evidence of any plea agreement in the record. Even if a plea agreement did exist, an increased punishment after rejecting an offered plea bargain and proceeding to trial is not unconstitutional. See Bordenkircher v. Hayes, 434 U.S. 357 (1978).
 
 
 3
 Davis also contends that he was not allowed to speak to the trial judge at his sentencing. During a discussion about Davis's appeal bond after sentence had been imposed, Davis asked the judge, "May I say something?" The judge responded, "You may talk to your attorney and he will tell me whatever you want to say." The attorney then stated to the court, "He wants to reiterate what I have said, Your Honor...." A discussion between the attorney and the judge about Davis's bond pending appeal followed.
 
 
 4
 This Court has held that when a defendant effectively communicates his desire to the trial judge to speak prior to the imposition of sentence, it is a denial of due process not to grant the defendant's request. Ashe v. North Carolina, 586 F.2d 334 (4th Cir.1978), cert. denied, 441 U.S. 966 (1979). Since Davis sought to speak about his appeal bond after sentence had been imposed, the court did not deny him due process when it ordered him to speak through his attorney.
 
 
 5
 Davis next contends that his sentence is disproportionate to his crime because the maximum penalty for second-degree rape in North Carolina has been reduced from life to 40 years. He argues that the change in the law should be applied retroactively to his conviction.
 
 
 6
 Effective July 1, 1981, second-degree rape in North Carolina became punishable by a maximum of 40 years in prison. See N.C.Gen.Stat. Secs. 14-1.1, 14-27.3 (1986). The North Carolina amendments specifically state that they apply only to felonies "that occur on or after July 1, 1981." N.C.Gen.Stat. Sec. 14-1.1 (1986). There is nothing unconstitutional in a legislature's conferring a benefit on prisoners only prospectively. Jones v. Cupp, 452 F.2d 1091, 1093 (9th Cir.1971), quoting Comerford v. Commonwealth, 233 F.2d 294, 295 (1st Cir.), cert. denied, 352 U.S. 899 (1956). See also Jackson v. Alabama, 530 F.2d 1231, 1238 (5th Cir.1976); Colvin v. Estelle, 506 F.2d 747, 748 (5th Cir.1975). Davis's claim that the new law should be applied retroactively is therefore meritless and was properly dismissed.
 
 
 7
 Finally, Davis alleges due process and equal protection violations in that he was not credited with merit and gain time he has earned while incarcerated. There is no evidence in the record supporting this allegation. In her undisputed affidavit, the manager of the Combined Records Section of the North Carolina Department of Corrections stated that merit time earned by prisoners serving life sentences is stored in a computer so the credit could be applied if the life sentence is ever commuted to a term of years. Attached to the affidavit is a certified copy of the computer printout which records Davis's merit time information. Thus, this claim was properly dismissed by the district court.
 
 
 8
 For the foregoing reasons, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 DISMISSED.