UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 95-50039

Summary Calendar

ARTHUR X. CARSON,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL
JUSTICE-PAROLE DIVISION,
ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(CA 94 A 205)

June 29, 1995

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Arthur X. Carson, a Texas state prisoner, appeals pro se the district court's dismissal with prejudice of his civil rights suit brought pursuant to 42 U.S.C. § 1983.  We affirm for the following reasons:

First, Carson cannot bring his § 1983 action complaining of parole proceedings because the action he challenges has not been

[*] Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

invalidated by a state court or "called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[1] The defendants demonstrated that the parole board denied Carson's release on parole for legitimate reasons and Carson has asserted bare conclusions and no facts which would give rise to an inference of retaliation.

Second, to the extent that Carson seeks injunctive relief for the alleged retaliation against him in his parole proceedings, he is seeking habeas relief and has failed to exhaust his state remedies.[2]  However, modifying the district court's judgment to be without prejudice would constitute a "waste of judicial resources"[3] because Carson has failed to show a genuine issue of material fact exists regarding his retaliation claims.

Third, the district court's averment that it had undertaken de novo review of the entire record is sufficient to indicate that it conducted such a review.  Finally, we have previously warned Carson that "future frivolous, unmeritorious litigation will subject him to sanctions."[4]  We now find that Carson's appeal is frivolous and impose sanctions in the amount of $50 against him and prohibit him from filing any action or appeal in any court in this circuit until he has satisfied the sanction.

---

[1]  McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 160-61 (5th Cir. 1995) (internal quotation marks and citation omitted).

[2]  See 28 U.S.C. § 2254(b).

[3]  See Colvin v. Estelle, 506 F.2d 747, 748 (5th Cir. 1975).

[4]  Carson v. Kent, No. 93-5462 (5th Cir. May 25, 1994) (unpublished).  In that opinion, we noted that Carson had filed at least eight other suits in this Court in the past three years.

AFFIRMED.  Sanctions imposed.