**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 99-31413**

_____

**DELBERT WILLIAMS,**

                                        **Petitioner-Appellant,**

**versus**

**LOUISIANA DEPARTMENT OF CORRECTIONS,**

                                        **Respondent-Appellee.**

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-660-B
- - - - - - - - - -
April 25, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Delbert Williams, Louisiana prisoner # 299746, seeks a certificate of appealability ("COA") in order to appeal the denial without prejudice of his federal habeas corpus application, filed pursuant to 28 U.S.C. § 2254, for failure to exhaust available state remedies.  His guilty plea waived the alleged federal constitutional deprivation he raised as his sole claim in the instant § 2254 application.  See Shute v. Texas, 117 F.3d 233, 237-38 (5th Cir. 1997).  He has therefore made a credible showing that the district court erred in dismissing his application for failure to exhaust because a claim that affords no ground for habeas corpus

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief is not required to be exhausted.  See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997)(applicant must make credible showing of exhaustion before this court will determine whether he has made a substantial showing of the denial of a constitutional right in his underlying claims); Colvin v. Estelle, 506 F.2d 747, 748 (5th Cir. 1975)(exhaustion requirement does not apply to petition that fails to state a violation of a federal constitutional right).

We lack jurisdiction to consider the merits of the unaddressed underlying habeas corpus claim because the district court did not consider whether a COA should be granted on that issue.  See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998).  Accordingly, the motion for COA is GRANTED, the district court's judgment is VACATED, and the case is REMANDED to the district court with directions to dismiss the instant application with prejudice for failure to plead a claim cognizable in § 2254 habeas.

COA GRANTED; JUDGMENT VACATED; REMANDED.