Clarence SPIVEY

v.

Ashbel T. WALL II et al.

No. 2009–360–APPEAL.

Supreme Court of Rhode Island.

June 9, 2011.

C. Daniel Schrock.

Virginia M. McGinn.

### ORDER

This case came before the Supreme Court on March 31, 2011, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. Clarence Spivey (Spivey or applicant), appeals from a Superior Court judgment denying his application for postconviction relief. After reviewing the memoranda submitted by the parties and the arguments of counsel, we are satisfied that cause has not been shown; thus, the appeal may be decided at this time. We affirm the judgment of the Superior Court.

The applicant has been imprisoned for most of the last four decades—he initially

was incarcerated in 1973,[1] then released on parole for a brief period of time in 1986, but returned to prison after violating his parole. We are informed that at the beginning of Spivey's imprisonment, he was awarded a specific number of good-time credits on an up-front basis, before the sentence was served, in accordance with G.L.1956 § 13–2–44, which was repealed in 1976 and replaced by G.L.1956 § 42–56–24.[2] At some point after he returned to prison, the Department of Corrections (DOC) apparently reduced his good-time credit based on the newly implemented method of calculating good time. Specifically, instead of granting "up front" good-time credit, the DOC awarded monthly good time on an earned basis, a practice which, applicant has contended, illegally reduced his good-time credit, in violation of the Due Process, *ex post facto,* and Equal Protection Clauses of the United States and Rhode Island Constitutions. The trial justice dismissed the complaint, holding that applicant had failed to state a claim upon which relief could be granted.

The issues before us today nearly are identical to those we addressed more than a decade ago in *Barber v. Vose,* 682 A.2d 908 (R.I.1996), and *Leach v. Vose,* 689 A.2d 393 (R.I.1997). In *Leach,* 689 A.2d at 398, we squarely stated that "[b]ecause, as we said in *Barber,* there is no liberty interest created by our good time and industrial time credit statute since it is completely discretionary, the [DOC's] modification of its manner of calculating good time and industrial time credits does not implicate the due-process clause." *See Barber,* 682 A.2d at 912. We further held that "the ex post facto clause is not implicated when the department changes its procedures to conform to the mandates of the statute" and that "the ex post facto clause does not give a prisoner a vested right to a favorable, but erroneous, interpretation of the law." *Leach,* 689 A.2d at 397 (quoting *Lerner v. Gill,* 751 F.2d 450, 457 (1st Cir. 1985)). Lastly, in *Barber,* we declined to address the applicant's alleged equal protection claim because we held that the law had "long since been determined contrary to his contention[.]" *Barber,* 682 A.2d at 910 (citing *Mastracchio v. Superior Court,* 98 R.I. 111, 112–13, 200 A.2d 10, 11 (1964)). We are of the same opinion today.

Based on the foregoing, we are satisfied that the trial justice did not err in concluding that the applicant failed to state a claim upon which relief could be granted. Thus, we affirm the judgment and remand the papers to the Superior Court.

Justice INDEGLIA did not participate.

---

1. The applicant was convicted of two counts of felony assault, one count of kidnapping and one count of first-degree sexual assault, for which he was sentenced to fifty-five consecutive years in prison. We are informed that after this conviction, applicant was also convicted and sentenced to an additional four years, to run consecutively to the initial sentence, for a separate kidnapping charge and attempted-escape charge.

2. At the time Spivey was incarcerated, G.L. 1956 § 13–2–44, as amended by P.L.1974, ch. 56, §§ 1, 2, entitled "Time Allowed For Good Behavior[,]" stated in pertinent part:

"[F]or each month that a prisoner * * * appears by such record to have faithfully observed all the rules and requirements of the institutions and not to have been subjected to discipline, there shall * * * be deducted from the term or terms of sentence of such prisoner the same number of days that there are years in the said term of his sentence * * *."
In 1976, the General Assembly repealed § 13–2–44 and replaced it with G.L.1956 § 42–56–24. P.L.1976, ch. 290, § 3. The substantive language cited here remains the same today.