THE PEOPLE *ex rel.* Ashbel V. Smith, State's Attorney, Petitioner, *vs.* CHAUNCEY H. JENKINS, Director of Public Welfare, *et al.* Respondents.

*Opinion filed April 20, 1927.*

1. CONSTITUTIONAL LAW—*power of Governor must be found in constitution.* All the power of the Governor is granted to him by the constitution, and except where power is given him by that instrument he has no authority to interfere with, control, modify or annul any judgment of a court or any judicial proceeding.

2. SAME—*the Governor's pardoning power cannot be controlled by courts or legislature.* The Governor's constitutional power to grant reprieves, commutations and pardons cannot be controlled by the courts or the legislature and he is to be guided in the use of such power only by his conscience and his sense of public duty, but in purporting to exercise such power he cannot change the judgment of a court.

3. CRIMINAL LAW—*provisions of Parole law for opinions of court and prosecuting attorney in applying for pardon do not affect Governor's pardoning power.* The provisions of the Parole law requiring statements or opinions of the trial court and prosecuting attorney to accompany petitions for reprieves, commutations and pardons do not restrict the Governor's power to reprieve, commute or pardon, and the Governor may act without such statements or opinions, or even without publication of notice, when in his judgment justice or humanity requires.

4. SAME—*Governor's power is not exhausted by one commutation.* A commutation is the change of punishment to which a person has been condemned to a less severe one, and neither the constitution nor any statute restricts reprieve, commutation or pardon to a single act, but the Governor may, after commuting a sentence of death to life imprisonment, in his discretion further commute the sentence to imprisonment for a less time, as the question as to when or to what extent the power to pardon or commute sentences shall be exercised rests with the person vested with the pardoning power.

5. SAME—*proper exercise of pardoning power cannot be said to be in violation of statute—minimum penalty.* The proper exercise by the Governor of the pardoning power granted him by the constitution cannot be said in any case to be in violation of the Parole law or other statute, as the statute would in such case violate the

constitution, and the commutation of a sentence for murder to a less number of years than the minimum penalty for said crime fixed in the law cannot be said to be a usurpation of legislative authority, as the power of commutation, under the constitution, extends to all offenses after conviction, including offenses for which the minimum penalty is imposed.

THOMPSON, J., dissenting.

ORIGINAL petition for *mandamus*.

ASHBEL V. SMITH, State's Attorney, and SIDNEY H. BLOCK, for petitioner.

OSCAR E. CARLSTROM, Attorney General, EDWARD C. FITCH, and MERRILL F. WEHMHOFF, for respondents.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the May term, 1922, of the circuit court of Lake county Ignatz Potz was convicted of murder and sentenced to be hanged on June 16, 1922. The Governor granted him a reprieve until August 18 and on July 6 commuted his punishment to life imprisonment. On June 30, 1926, another order signed by the Governor was filed with the Secretary of State, as follows: "Upon the recommendation of the Division of Pardons and Paroles of the Department of Public Welfare, and for the reasons therein assigned, I hereby commute the sentence of Ignatz Potz to expire on October 11, 1930." On the petition of the State's attorney of Lake county leave was granted at our last October term to file an information in the name of the People against the Director of Public Welfare, the Superintendent of the Division of Pardons and Paroles of the Department of Public Welfare, the Secretary of State and the warden of the Illinois State Penitentiary, commanding them to expunge from their records the order of June 30, 1926, and commanding the warden to imprison Potz in the penitentiary as commanded by the judgment of the Lake county circuit court and the order of commutation of July 6, 1922.

The respondents have answered, denying the allegation of the information that no application was made by the prisoner to the Governor or the Department of Public Welfare for a further commutation of sentence, and setting forth an application alleged to have been filed by the prisoner with the Department of Public Welfare and the actions and recommendations of the department. All the other material allegations of the information were admitted, and the cause has been submitted on a demurrer of the petitioner to the answer.

The petitioner contends that the commutation of June 30, 1926, was void for the reasons that it is in violation of constitutional and statutory provisions relative to the manner of applying for commutations; that after granting the commutation to life imprisonment the Governor had no power to grant any further commutation; that the order was not a commutation of a punishment to which the prisoner had been judicially sentenced; that the commutation is a substitution of a punishment for murder unknown to the law; and that the substituted punishment is unauthorized and in violation of the Parole law of 1917.

All the Governor's power is granted to him by the constitution. Except where power is given him by that instrument for the purpose he has no authority to interfere with, control, modify or annul any judgment of a court or any judicial proceeding. The constitution has given him that power over judgments of conviction for all criminal offenses by section 13 of article 5, which provides: "The Governor shall have power to grant reprieves, commutations and pardons, after conviction, for all offenses, subject to such regulations as may be provided by law relative to the manner of applying therefor." Having this power by the constitution his use of it cannot be controlled by either the courts or the legislature. His acts in the exercise of the power can be controlled only by his conscience and his sense of public duty. If, purporting to act in the

exercise of the power to pardon or commute, he makes an order attempting to change the judgment of the court, his order is void and the officers charged with the execution of the judgment may be required by *mandamus* to disregard the order. *People* v. *Jenkins,* 322 Ill. 33.

The only restriction imposed by the constitution on the power of the Governor to grant reprieves, commutations and pardons is that it shall be "subject to such regulations as may be provided by law relative to the manner of applying therefor." Section 1 of the act to regulate the manner of applying for reprieves, commutations and pardons requires all such applications to be made by petition in writing to the Governor, and to be accompanied by statements in writing made by the judge and prosecuting attorney of the court in which the conviction was had, stating their opinion in regard to the same, or that satisfactory reasons shall be given to the Governor why such statements do not accompany the petition. The act makes it the duty of the judge and prosecuting attorney to give such opinions whenever such a petition is presented to them. It is contended that since no such statements by the judge and the State's attorney were filed with the petition or submitted to the Department of Public Welfare and no satisfactory reason was given to the Governor why they did not accompany the petition, the Governor had no authority to hear the application. The only restriction which the legislature may impose upon the Governor's power refers to the regulations relative to the manner of applying for reprieves, commutations and pardons, and the act on that subject does not purport to, and does not, restrict the Governor's authority except to that extent. The giving of statements or opinions by the judge and prosecuting attorney is not made a condition precedent to the Governor's action and the requirement of them does not hamper his freedom of action in any way, for the Governer may act without such statements for any reason satisfactory to him. The publication of notice may

also be dispensed with by the Governor when in his judgment justice or humanity requires.

Neither the constitution nor any statute restricts reprieve, commutation or pardon to a single act. A commutation is the change of punishment to which a person has been condemned to a less severe one. (*People* v. *Jenkins, supra.*) It is defined in Bouvier's Law Dictionary as "the change of a punishment to which a person has been condemned into a less severe one," and in Anderson's Law Dictionary as "the substitution of a less for a greater penalty or punishment; the change of one punishment for another and different punishment, both being known to the law." These definitions have been approved in *State* v. *Peters,* 43 Ohio St. 629; *Rich* v. *Chamberlain,* 107 Mich. 381; *People* v. *Frost,* 117 N. Y. Supp. 524; *Ex parte Janes,* 1 Nev. 319; *State* v. *State Board of Corrections,* 16 Utah, 478; *Young* v. *Young,* 61 Tex. 191. There is no formula for determining in every case the exact penalty which should be imposed upon a criminal convicted of crime, and there is no invariable rule for determining when or to what extent the power to pardon or commute sentences should be exercised. It necessarily rests in the discretion of the person exercising the power, and if a sufficient reason has justified a lightening of the punishment by a commutation at one time, a similar reason may justify a second commutation later. The fact that the prisoner, after the first commutation, was serving the punishment fixed by the Governor's order is immaterial. He was still a convicted criminal suffering punishment according to law after conviction, and the power of commutation extends to every such case though the place and term of imprisonment may have been changed by the Governor, acting under his constitutional authority, from that fixed by the court. *People* v. *Murphy,* 257 Ill. 564.

By commuting the sentence to expire on October 11, 1930, the term of imprisonment was reduced to eight years

and three months, which was, under the law at the time the crime was commuted, the shortest period in which a sentence for the minimum punishment prescribed for murder could be served, allowing for good time under the statute. It is insisted that this was a form of punishment unknown to the law because the statute fixed the minimum punishment for murder at fourteen years, and the Governor therefore usurped legislative authority. Imprisonment in the penitentiary is the same form of punishment whether for one year, fourteen years or for life. The fact that the substituted imprisonment is for a shorter term than the minimum period fixed by law for the punishment of the crime does not constitute a difference in the form of punishment. Imprisonment in the penitentiary is a form of punishment known to the law. The relator's argument would lead to the result that the power of commutation, which the constitution extends to all offenses after conviction, would be limited by statute to cases where the punishment imposed exceeds the minimum authorized by law. Neither the court nor the legislature has the power so to limit the authority conferred on the Governor by the constitution.

It is finally contended that the punishment complained of is a violation of the Parole act. If an act of the Governor, in the exercise of his constitutional authority to commute a sentence, is inconsistent with the Parole act, then the Parole act, so far as its enforcement would impose a limitation upon the Governor's constitutional power, must give way to the constitution. *People* v. *LaBuy,* 285 Ill. 141 ; *People* v. *Joyce,* 246 id. 124.

The demurrer to the answer is overruled and the writ denied.                                         *Writ denied.*

Mr. JUSTICE THOMPSON, dissenting.