The People of the State of Colorado v. Manuel Herrera

## No. 25718

The People of the State of Colorado v. John Francis LaBlanc

## No. 25736

The People of the State of Colorado v. Elmer J. Marsh, Jr.

## No. 25752

The People of the State of Colorado v. Emil Anton Kravarik

## No. 25749

The People of the State of Colorado v. Melvin C. Walker

## No. 25694

The People of the State of Colorado v. John Adolph Conti

## No. 25758

The People of the State of Colorado v. James Vande Line

## No. 25815

### The People of the State of Colorado v. Daryl G. Harshfield
(516 P.2d 626)

Decided October 29, 1973.      Rehearing denied December 10, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Thomas M. Van Cleave III, Deputy, Roger A. Klein, Deputy, for defendant-appellant.

Same as above for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, Kenneth J. Russell, Deputy, for defendant-appellant.

Same as above for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

Same as above for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, Richard C. Webster, Deputy, Dorian E. Welch, Deputy, for defendant-appellant.

Same as above for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, Lee Belstock, Deputy, for defendant-appellant.

Same as above for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, Lee Belstock, Deputy, Darol C. Biddle, Deputy, for defendant-appellant.

Same as above for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, Lee Belstock, Deputy, for defendant-appellant.

Same as above for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

In these eight cases, consolidated for appeal, appellants seek post-conviction review of their sentences, under 1971 Perm. Supp., C.R.S. 1963, 40-1-101 *et seq.* Section 40-1-510(1)(f), as amended, authorizes post-conviction review where it is alleged:
"That there has been a significant change in the law, applied to applicant's conviction or sentence, *allowing* in the interest of justice retroactive application of the changed legal standards." (Emphasis added.)[1]
The Colorado Criminal Code, effective July 1, 1972, redefined many offenses and completely revamped the penalty provisions. Sentences were reduced for most of-

---

[1] Prior to the amendment of April 19, 1973, the word "allowing" read "requiring."

fenses. The appellants, all of whom had been convicted and sentenced under prior criminal statutes, sought a review of their sentences under Section 40-1-510(1)(f), as amended. The trial courts denied review in all eight cases.

At oral argument, upon the suggestion of the People that the statute under consideration might involve a violation of the separation of powers provision of the Colorado Constitution, this Court ordered the filing of supplemental briefs on this constitutional issue. For the reasons hereinafter set forth, we affirm the judgments on the grounds that 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1)(f), as amended, invades the Governor's exclusive power to grant a commutation after conviction, as provided in Article IV, Section 7, of the Colorado Constitution, and therefore violates the doctrine of separation of powers embodied in Article III of the Colorado Constitution.

In view of our holding here, it is unnecessary to discuss the respective contentions of the parties relative to the retroactive and retrospective operation of the statute under consideration.

It is clear that the legislature intended by Section 40-1-510(1)(f) to confer a right of review of sentences, to the end that sentences might be equalized in light of the changes in the Colorado criminal laws. All appellants qualify for review under the terms of the statute, in that their sentences either exceeded the maximums authorized by the new code for the same offenses, or exceeded by three years the minimums provided by it. 1971 Perm. Supp., C.R.S. 1963, 40-1-509.

We recognize and agree with the laudable, beneficent purposes motivating the enactment of Section 40-1-510 (1)(f). We also are aware that the criminal justice process sometimes results in imperfect justice which in extreme cases cries out for correction. This is particularly so in the area of imposition of sentences for criminal misconduct. The methods and means by which correction of such inequities and injustices may be attained, however, are circumscribed by constitutional limitations.

■ Article III of the Colorado Constitution divides "[t]he powers of the government of this state . . . into three distinct departments, — the legislative, executive and judicial" and further provides that:

"[N]o person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any power properly belonging to either of the others, except as is in this constitution expressly directed or permitted."

It is clear that the doctrine of separation of powers applies with equal force to all three branches of the government, as stated in *Hudson v. Annear,* 101 Colo. 551, 75 P.2d 587:

"* * * Article III of the Constitution applies not less to the judicial department than to the other departments. It is well, of course, that all departments give pause, that they may not offend. All must answer to the people, in and from whom, as specifically set forth in the Constitution, all political power is invested and derived. Art. II, § 1. * * *"

The judiciary can no more exercise a power constitutionally conferred upon the legislature than can the executive. Also, it seems obvious that the legislature is equally powerless to confer executive powers upon the judiciary.

■ Article IV, Section 7, of the Colorado Constitution provides:

"The governor shall have the power to grant reprieves, commutations and pardons after conviction, for all offenses except treason * * *."

The power of commutation, with which we are here concerned, is the power to reduce punishment from a greater to a lesser sentence. *People v. Jenkins,* 325 Ill. 372, 156 N.E. 290; *Whittington v. Stevens,* 221 Miss. 598, 73 So. 2d 137; *Steinacher v. Swanson,* 131 Neb. 439, 268 N.W. 317; *Fehl v. Martin,* 155 Or. 455, 64 P.2d 631; *Black's Law Dictionary* (4th rev. ed. 1968); Am. Jur. 2d *Pardon and Parole* § 65.

■ By Section 40-1-510(1)(f), the legislature sought to confer upon the courts the express power to review sentences after conviction and exhaustion of appellate remedies. Implied in this provision is the authority to reduce a sentence

after a final conviction — the power of commutation. Nowhere does the constitution vest the power of commutation in the courts.[2]

In *People v. District Court,* 180 Colo. 107, 502 P.2d 420, we observed that the governor has the *exclusive power* to grant reprieves, commutations and pardons after conviction. We affirm that declaration. Any attempt, therefore, to exercise such power by the judicial department, even though legislatively sanctioned, would be a violation of the doctrine of separation of powers under Article III of the Colorado Constitution. Other states with similar constitutional provisions have reached like conclusions. *See, People v. Fox,* 312 Mich. 577, 20 N.W.2d 732; *Whittington v. Stevens,* 221 Miss. 598, 73 So. 2d 137; *State v. Grant,* 79 Mo. 113, 49 Am. Rep. 218; *State v. District Court,* 68 Mont. 309, 218 P. 558; *State v. Lewis,* 226 N.C. 249, 37 S.E.2d 691; *Moore v. Thorn,* 245 App. Div. 180, 281 N.Y.S. 49; *Gilderbloom v. State,* 160 Tex. Cr. R. 471, 272 S.W.2d 106; *Snodgrass v. State,* 67 Tex. Cr. R. 615, 150 S.W. 162.

Resort to interpretation of the federal constitutional provision relating to executive clemency does not lend support to appellants' position here. The Constitution of the United States provides in Article II, Section 2, that the President "* * * shall have the power to grant reprieves and pardons for offenses against the United States, except in cases of impeachment." The power of commutation is not mentioned. Hence, as interpreted by the United States Supreme Court, in *United States v. Benz,* 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354; *Brown v. Walker,* 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819; *Nix v. James,* 7 F.2d 590 (9th Cir. 1925); and *Rawls v. United States,* 218 F. Supp. 849 (W. D. Mo. 1963), the power of commutation may be validly exercised by the federal judiciary and it is not constrained, as

---

[2] By contrast, the legislature provided in Section 40-1-509 for appellate review of sentences during the appeal process, which imports the exercise of a proper judicial function before finality of a judgment of conviction.

we are, by the exclusive grant of that authority to the executive department.

For the foregoing reasons, the judgments of the trial courts denying review of appellants' sentences under Section 40-1-510(1)(f) in these consolidated cases are affirmed.

MR. JUSTICE ERICKSON concurs in the result.