## No. 26125

## The People of the State of Colorado v.
## Gene Marvin Mankowsky
(529 P.2d 314)

Decided December 16, 1974.

146

John P. Moore, Attorney General, John E. Bush, Deputy, Gregory L. Williams, Assistant, Janet Lee Miller, Assistant, for plaintiff-appellee.

Roberts and Kengle, Harry Kengle, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant was indicted on four counts of first-degree rape, C.R.S. 1963, 40-2-25. Pursuant to plea negotiations, three counts were dismissed, and the defendant plead guilty to one count of first-degree rape. On September 25, 1970, he was sentenced to the Colorado State Penitentiary for a term of 40-50 years and the judgment against him became final upon his failure to appeal. At the time of sentencing, the permissible statutory penalty for first-degree rape was 3 years to life imprisonment, C.R.S. 1963, 40-2-28.

On April 30, 1973, pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1)(f), defendant filed a motion for post-conviction relief, alleging that his original sentence exceeded the maximum permissible under the newly adopted Colorado Criminal Code, and that his sentence should be substantially reduced. Under the new code, rape had been reclassified as a class 3 felony, carrying a penalty of 5-40 years, 1971 Perm. Supp., C.R.S. 1963, 40-3-401, 40-1-105. After a hearing on the motion, at which the defendant was represented by counsel, the court granted relief by reducing the sentence to 38-40 years.

The defendant has appealed from the trial court's decision. He claims that he was not permitted to effectively present a case for sentence reduction at the hearing, and thus his rights to effective

assistance of counsel and due process of law were violated. He also contends that the trial court abused its discretion in not substantially changing the original sentence.

In *People v. Herrera,* 183 Colo. 155, 516 P.2d 626, we held that section 40-1-510(1)(f) was unconstitutional with respect to judgments which were final on the effective date of the Act, in that "it encroached on the governor's exclusive power to grant a commutation after conviction, Colo. Const., Art. IV, Sec. 7, thereby violating the doctrine of separation of powers embodied in Article III of the Colorado Constitution." *People v. Simms,* 186 Colo. 447, 528 P.2d 228. Since the Court had no jurisdiction to deal with the matter at all, no error occurred in the manner in which the hearing was conducted.

The Attorney-General points out that under *Herrera,* the reduction of sentence was a nullity and we agree. Since the Court had no jurisdiction to enter the order it did, the modifying sentence must be set aside, and the cause remanded for the reinstatement of the earlier sentence in a proceeding at which defendant is present.

The judgment is vacated, and the cause is remanded to the trial court with instruction to reinstate the original sentence in accordance with the views expressed herein.