575 P.2d 13 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Kenneth George JENKINS, Defendant-Appellant.
No. 76-776.
Colorado Court of Appeals, Division II.
October 6, 1977.
Rehearing Denied November 25, 1977.
Certiorari Denied February 21, 1978.
*14 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., James S. Russell, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, Denver, James F. Dumas, Jr., Chief Deputy State Public Defender, Denver, William S. Schurman, Deputy State Public Defender, Steamboat Springs, for defendant-appellant.
KELLY, Judge.
The defendant, Kenneth George Jenkins, appeals the order of the trial court denying his Crim.P. 35(a) and 35(b) motions. The court denied the 35(a) motion on the ground that it was untimely, and denied the relief sought in the 35(b) motion as precluded by People v. Herrera, 183 Colo. 155, 516 P.2d 626 (1973). At the heart of both rulings is the trial court's premise that the defendant was sentenced in August 1973, after reception of his nolo contendere plea, rather than in January 1976, after revocation of his probation. A document purporting to be a sentence was filed on each of these dates and entered in the register of actions. We reverse.
The defendant pleaded nolo contendere to attempted felony theft in June 1973. At that time, § 18-4-401(2), C.R.S.1973, provided that theft was a class 4 felony if the value of the property involved exceeded $100. Section 18-2-101(5), C.R.S.1973, made attempt to commit a class 4 felony a class 5 felony, and Section 18-1-105(1), C.R.S.1973, limited the punishment for a class 5 felony to a period not less than one nor more than five years' imprisonment in the state penitentiary.
On August 31, 1973, the trial court, by order, sentenced the defendant to three years in the penitentiary, specifying no minimum term. In the same order, the trial court suspended the sentence and placed the defendant on probation for two years on certain terms and conditions. This probation was revoked in 1975, but the defendant was again granted probation for a two-year period. On January 27, 1976, this second grant of probation was also revoked, and "Final Judgment and Sentence Mittimus" was entered sentencing the defendant to an indeterminate to three-year term in the penitentiary.
On April 26, 1976, the defendant filed a motion for postconviction relief under Crim.P. 35(b)(1)(VI) and § 18-1-410(1)(f), C.R.S.1973, seeking sentencing relief because of the 1975 amendments to §§ 18-4-401(3) and 18-2-101(7), C.R.S.1973.[1] Pursuant to these statutory amendments, the sentencing *15 limitations for the offense to which the defendant pleaded were reduced to a minimum of $50 fine and a maximum of six months' imprisonment or $750 fine or both. See § 18-1-106, C.R.S.1973. On May 4, 1976, the defendant filed a motion to reconsider sentence under Crim.P. 35(a).
In its order denying the defendant's postconviction motions, the trial court concluded that final judgment and sentence had been imposed upon the defendant in August 1973, and that, therefore, the defendant's Crim.P. 35(a) motion was untimely under the provisions of the rule. As to the defendant's 35(b) motion, the trial court ruled that since the time for appeal had passed, the relief sought by the defendant was precluded by People v. Herrera, supra, and by People v. Smith, Colo., 536 P.2d 820 (1975).
The defendant contends, among other things, that the trial court erred in concluding that the final judgment and sentence was imposed on the defendant on August 31, 1973. We agree, and the disposition of the other issues in this case flows consequentially from that conclusion.
The question whether a sentence which has been imposed and suspended for the purpose of granting probation is a final judgment and sentence has not been explicitly addressed in Colorado. Here, the conclusion of the trial court that the sentence so suspended is indeed the final judgment is based on the fact that the sentence was entered in the register of actions, Crim.P. 32(c), and this entry fixed the operative date for determining the timeliness of an appeal, C.A.R. 4(b). The same could also be said, however, of the judgment which followed the revocation of probation, since this judgment, too, was entered in the register of actions.
The resolution of this seeming dilemma is found in the rationale supporting probation as a sentencing alternative. See Section 16-11-101(1)(a), C.R.S.1973.
"By its very nature and definition, probation means and signifies liberty under certain imposed conditions. Its basic purpose is to provide a program which offers an offender the opportunity to rehabilitate himself without confinement. This is to be accomplished under the tutelage of a probation officer and under the continuing power of the court to impose a sentence for his original offense in the event he abuses this opportunity and violates the conditions of probation." People v. Ledford, 173 Colo. 194, 477 P.2d 374 (1970).
The power to alter a sentence, which was originally imposed in connection with a grant of probation, at the time of revocation of probation is explicitly recognized in § 16-11-206(5), C.R.S.1973, Crim.P. 32(g)(5), and Crim.P. 35(a), and finds support in ABA, Standards Relating to Probation § 1.1(b). Cf. People v. Ray, Colo., 560 P.2d 74 (1977).
Accordingly, we hold that where, as here, the trial court has initially imposed sentence on a defendant, has suspended execution of the sentence and granted probation, which is thereafter revoked, the resulting sentence imposed after revocation of probation is the final judgment. In view of this conclusion, it is not necessary to consider the intricate arguments of the parties concerning the availability of relief to the defendant under the provisions of § 18-1-410(1)(f), C.R.S.1973, and Crim.P. 35(b)(1)(VI). Since the amendatory legislation mitigating the penalty for the offense committed by the defendant became effective prior to imposition of the 1976 sentence, the defendant was entitled as a matter of law to be sentenced thereunder. Glazier v. People, Colo., 565 P.2d 935; People v. Truesdale, Colo., 546 P.2d 494 (1976); People v. Thomas, 185 Colo. 395, 525 P.2d 1136 (1974).
Since the sentence imposed by the trial court in January 1976 did not afford the defendant the benefit of the amendatory legislation, it was not a valid and legal sentence. As such, it was subject to correction by the trial court at any time without regard to the time limitations of Crim.P. 35(a); and it was not afflicted with the constitutional infirmities of § 18-1-410(1)(f), C.R.S.1973, enunciated in People v. Herrera, supra. See Casias v. People, 148 *16 Colo. 544, 367 P.2d 327 (1961); Villalon v. People, 145 Colo. 327, 358 P.2d 1018 (1961); Crim.P. 35(a).
The judgment is, therefore, reversed, and the cause is remanded with directions to resentence the defendant under the provisions of §§ 18-4-401(3) and 18-2-101(7), C.R.S.1973, as amended in 1975, and under § 18-1-106, C.R.S.1973, in proceedings at which the defendant is present.
ENOCH and RULAND, JJ., concur.
NOTES
[1] The amendment of the former section makes the theft of property valued between $50 and $200 a class 2 misdemeanor and the amendment of the latter section reduces the attempt to commit a class 2 misdemeanor to a class 3 misdemeanor. It is uncontroverted that the amount involved here is $180.75.