**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Daryl L. KINGSOLVER, Defendant–Appellant.**

No. 94CA0426.

Colorado Court of Appeals, Div. II.

April 20, 1995.

Rehearing Denied May 25, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., David R. De-Muro, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

Wm. Michael Whelan, Jr., Boulder, for defendant-appellant.

Opinion by Judge ROY.

Defendant, Daryl L. Kingsolver, appeals the trial court's denial of his Crim.P. 35(a) motion to correct an illegal sentence. The sole issue raised on appeal is whether the trial court illegally sentenced defendant when it accepted his plea for possession of marijuana pursuant to a plea bargain in which defendant specifically agreed to plead to possession as a felony but to be sentenced as if the offense were a misdemeanor. Defendant does not challenge the length of the penalty imposed, but only the trial court's entry of judgment on the offense as a felony. We conclude that the trial court's acceptance of defendant's plea to the offense as a felony was not illegal, and we affirm.

As the result of an incident that occurred on January 22, 1982, defendant was charged on January 26, 1982, by information with one count of distribution of a scheduled I controlled substance, a class 3 felony, and one count of possession of more than one ounce of marijuana in violation of Colo. Sess. Laws 1981, ch. 128, § 18–18–106(4)(a), at 731, a class 5 felony. A third count for possession with intent to distribute a scheduled I controlled substance arising from the same incident, also a class 3 felony, was added later and severed from the first two.

After defendant committed the charged offense, but prior to his entering a plea, the penalty for possession of more than one ounce of marijuana was changed by the Gen-

eral Assembly from a class 5 felony to a class 1 misdemeanor, if the amount possessed was less than eight ounces, effective May 3, 1982. Colo. Sess. Laws 1982, ch. 50, § 18–18–106(4)(a)(I) at 256–57.

In February 1983, almost one year after the statute was amended, defendant appeared with counsel at a providency hearing and knowingly and voluntarily agreed to plead guilty to possession of more than one ounce of marijuana as a class 5 felony but to be sentenced as if the offense were a class I misdemeanor. In exchange, the People dismissed the other two felony counts. In addition, as part of the plea agreement, the People agreed not to seek forfeiture of defendant's property.

Defendant also signed a waiver of his right to file a motion for post-conviction relief pursuant to Crim. P. 35(c)(2)(IV), which permits a defendant to challenge a sentence on the basis that it "exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law." Defendant was specifically informed during the providency hearing of these conditions by his counsel, the People, and the trial court. The trial court also informed defendant that his ability to practice dentistry might be affected by his pleading guilty to a felony.

Defendant was then sentenced in accordance with the plea agreement, and judgment was entered on the offense as a class 5 felony in conformance with that plea.

More than 10 years later, defendant filed the Crim. P. 35(a) motion at issue here. The district court denied defendant's motion without a hearing or response from the People, and this appeal followed.

Relying on *People v. Jenkins,* 40 Colo.App. 140, 575 P.2d 13 (1977), defendant contends that because his sentence does not afford him all of the benefits of the 1982 amendatory legislation, it is not a valid and legal sentence. We disagree.

■ Our supreme court has repeatedly held that "a defendant should receive the benefit of amendatory legislation mitigating the penalties for crimes committed prior to the new legislation when the amendatory legislation expressly provides for retroactive ap-

plication." *People v. McCoy,* 764 P.2d 1171, 1174 (Colo.1988).

■ Conversely, a defendant is not entitled to the ameliorative benefit of amendatory legislation when retroactive application is not expressly intended. *People v. Macias,* 631 P.2d 584 (Colo.1981); *see also* § 2–4–202, C.R.S. (1980 Repl.Vol. 1B) (statute presumed to be prospective in operation); § 2–4–303, C.R.S. (1980 Repl. Vol. 1B) (amendment of statute does not release, extinguish, alter, modify, or change criminal penalties thereunder unless expressly provided).

■ Defendant argues that the bill summary for the 1982 amendment to the statute at issue which begins with the statement "[t]o correct an apparent oversight ..." supports his contention that the amendment to § 18–18–106(4) was intended to be retroactive. However, this language was addressed to the General Assembly's inclusion of marijuana and marijuana concentrate as non-scheduled controlled substances in the controlled substances law, and it did not address the General Assembly's changes to the penalties for possession of small amounts of marijuana. Furthermore, the bill summary in a later paragraph notes that § 18–18–106 was amended to consolidate in the same section the penalties relating to marijuana and marijuana concentrate. Moreover, the bill amending the statute, as introduced, did not contain any amendments to § 18–18–106(4), but only amended §§ 18–18–106(3) and 18–18–106(8). The amendments to § 18–18–106(4) were added later by the House Judiciary Committee. The bill summary expressly noted that it applied only to the "bill as introduced" and did not "necessarily reflect any amendments which may be subsequently adopted." Thus, the language "[t]o correct an apparent oversight" clearly did not refer to the changes at issue here.

Contrary to defendant's urging, we conclude that the General Assembly did .not "inadvertently" change the penalty for possession of small amounts of marijuana by making possession of greater than one ounce of marijuana punishable as a felony.

Moreover, the change in punishment is not antithetic to the principle that legislation is

880

intended to reach a "just and reasonable result." *See* § 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B). The General Assembly may have had valid concerns regarding the impacts of possession of small amounts of marijuana on society and chose to address those concerns by increasing the level of punishment for it. As noted by defendant's appellate counsel, defendant had the bad fortune of committing the offense during the only period in which the amount he possessed was a felony.

Nothing expressly provides that the General Assembly intended for the 1982 amendments to § 18–18–106 be retroactive. Therefore, we conclude that defendant was not entitled to the benefits of these amendments, and thus, the trial court did not sentence defendant to an illegal sentence by accepting his plea to the offense as a felony. In any event, defendant obtained most of the benefits of the 1982 amendments by receiving a sentence as a class 1 misdemeanor.

Because we have determined that defendant's sentence was legal, we need not address the contentions of the People on appeal.

Sentence affirmed.

CRISWELL and BRIGGS, JJ., concur.