THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROGER COLLINS et al., Defendants-Appellants.

First District (3rd Division)  Nos. 1—03—0685, 1—03—0686 cons.

■

Opinion filed August 25, 2004.

■

Charles Schiedel, of State Appellate Defender's Office, of Springfield, and Steven Clark, of State Appellate Defender's Office, of Chicago, for appellants.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Jon J. Walters, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The defendants, Roger Collins and William Bracy, bring the instant consolidated appeal from two orders of the circuit court remanding them to the Department of Corrections to serve natural life sentences pursuant to clemency orders issued by former Governor George Ryan. For the reasons that follow, we affirm.

Following a jury trial, the defendants were convicted of armed robbery, aggravated kidnapping and murder for their roles in the slaying of Frederick Lacey, R.C. Pettigrew and Richard Holliman. After the same jury found that there were no mitigating factors sufficient to preclude a sentence of death, the circuit court sentenced the defendants to death for the murders of Lacey, Pettigrew and Holliman. The court also imposed on each defendant concurrent 60-year sentences for the armed robbery and aggravated kidnapping convictions. On direct appeal to our supreme court, the defendants' convictions and sentences were affirmed. *People v. Collins*, 106 Ill. 2d 237, 478 N.E.2d 267 (1985). The defendants' subsequent petitions for post-conviction relief were dismissed by the circuit court upon the State's motion, and our supreme court affirmed. *People v. Collins*, 153 Ill. 2d 130, 606 N.E.2d 1137 (1992).

The defendants then sought separate *habeas corpus* relief in the United States District Court for the Northern District of Illinois. Their petitions were consolidated and eventually denied. *United States ex rel. Collins v. Welborn*, 868 F. Supp. 950 (N.D. Ill. 1994). The Court of Appeals for the Seventh Circuit affirmed by a divided vote. *Bracy v. Gramley*, 81 F.3d 684 (7th Cir. 1996). However, the United States Supreme Court reversed and remanded the matter, holding that Bracy had made a sufficient showing of good cause for moving forward with his petition. *Bracy v. Gramle* , 520 U.S. 899, 138 L. Ed. 2d 97, 117 S. Ct. 1793 (1997). Collins' case was likewise remanded by the Supreme Court for consideration in light of their decision in *Bracy*. *Collins v. Welborn*, 520 U.S. 1272, 138 L. Ed. 2d 209, 117 S. Ct. 2450 (1997). On remand, the district court denied *habeas* relief as to the defendants' convictions, but granted relief as to their sentencing. *United States ex rel. Collins v. Welborn*, 79 F. Supp. 2d 898 (N.D. Ill. 1999). A majority of the Seventh Circuit affirmed, holding that the defendants were entitled to a new sentencing hearing in order to determine whether the death penalty should be imposed. *Bracy v. Schomig*, 286 F.3d 406 (7th Cir. 2002).

On January 10, 2003, then-Governor Ryan entered clemency orders in favor of the defendants which read, in pertinent part:

"Sentence Commuted to a Sentence Other Than Death for the

Crime of Murder, So that the Maximum Sentence that may be Imposed is Natural Life Imprisonment Without the Possibility of Parole or Mandatory Suprevised [sic] Relief [sic]."

Upon remand from the Seventh Circuit, and following former Governor Ryan's clemency orders, the circuit court entered an order remanding the defendants to the Department of Corrections "to serve natural life sent[ences] as per Governor George Ryans [sic] order." This consolidated appeal follows.

On appeal, the defendants contend that the circuit court violated the terms of the clemency order by failing to hold a sentencing hearing before imposing a sentence of natural life imprisonment. The defendants, citing *People ex rel. Madigan v. Snyder*, 208 Ill. 2d 457, 804 N.E.2d 546 (2004), argue that the clemency order was a "nonspecific commutation order" which, while establishing a maximum sentence, left the minimum applicable sentence, which may have been less than life imprisonment, up to the court's discretion. The defendants conclude that by failing to hold a sentencing hearing based on the mistaken belief that the former Governor had commuted the defendants' sentences to natural life imprisonment, the court violated the terms of the clemency order. We disagree.

In *People ex rel. Madigan*, the Illinois Attorney General sought a writ of *mandamus* to prevent the recording of certain clemency orders entered by former Governor Ryan. The Attorney General challenged the validity of the orders based on the fact that the inmates were unsentenced when then-Governor Ryan issued his blanket clemency, arguing that the clemency orders, by setting a maximum sentence rather than a specific sentence, improperly delegated the Governor's commutation powers to the judiciary. In denying the writ, our supreme court held that the Governor's constitutional power to issue pardons after conviction is sufficiently broad enough to allow him to reduce the maximum sentence a convicted, yet unsentenced, defendant is facing. *People ex rel. Madigan*, 208 Ill. 2d at 477. The court also held that the clemency orders, which were identical to those at issue here, "were more in the nature of limited pardons than sentencing commutations" and, therefore, did not delegate any of the Governor's commutation power to the judiciary. *People ex rel. Madigan*, 208 Ill. 2d at 478.

Following the analysis in *People ex rel. Madigan*, we interpret former Governor Ryan's clemency orders in this cause to be more in the nature of limited pardons than sentencing commutations. A pardon is defined as " '[a]n executive action that mitigates or sets aside punishment for a crime.' " *People ex rel. Madigan*, 208 Ill. 2d at 473, quoting Black's Law Dictionary 1113 (6th ed. 1990). While a full pardon freely and unconditionally absolves a person from all the legal

consequences of a crime, a limited pardon remits only a portion of the punishment or absolves a defendant from only a portion of the legal consequences of his crime. *People ex rel. Madigan*, 208 Ill. 2d at 474, quoting 67A C.J.S. *Pardon & Parole* § 2, at 6 (2002). A commutation, on the other hand, "removes a judicially imposed sentence and replaces it with a lesser, executively imposed sentence." *People ex rel. Madigan*, 208 Ill. 2d at 474. The power to grant a commutation is generally viewed as a subset of the Governor's pardoning power. *People ex rel. Madigan*, 208 Ill. 2d at 474. In construing a governor's clemency order, it is the substance, not the terminology, of the clemency order that controls. *People ex rel. Madigan*, 208 Ill. 2d at 476-77.

Here, former Governor Ryan had the clear authority to remove the judicially imposed sentences of death and replace them with lesser, executively imposed sentences or, in other terms, to commute the defendants' sentences. Then-Governor Ryan, however, did not choose to exercise this subset of his pardoning power. Rather, former Governor Ryan choose to absolve the defendants from a portion of the legal consequences of their crimes by entering a limited pardon. By exonerating the defendants from some, but not all, of the legal consequences of their crimes, the clemency orders mitigated the defendants' sentences to the only other possible legal consequence of their crimes under the law: natural life imprisonment. See Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3(c)(1) ("When a defendant is found guilty of murder the State may either seek a sentence of imprisonment under section 5—8—1 of this Code, or where appropriate seek a sentence of death ***"); Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1(a)(1)(c) ("if the defendant *** is found guilty of murdering more than one victim, the court shall sentence the defendant to a term of natural life imprisonment"). Thus, contrary to the defendants' assertion, the substantive effect of the clemency orders entered here was to mitigate the defendants' sentences of death to sentences of natural life imprisonment, not to commute their sentences to an undetermined term. As such, the orders did not require the circuit court to hold a sentencing hearing regarding the appropriate sentences to be imposed, and the circuit court did not err in remanding the defendants to the Department of Corrections to serve natural life sentences pursuant to then-Governor Ryan's clemency orders.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

SOUTH and KARNEZIS, JJ., concur.