FIRST DIVISION
August 20, 2007

No. 1-05-4016

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County |
| | ) | |
| v. | ) | No. 82 C 919 |
| | ) | |
| SAMUEL MORGAN, | ) | Honorable |
| | ) | Rickey Jones, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CAHILL delivered the opinion of the court:

We are asked to consider under what circumstances is a capital defendant entitled to a new sentencing hearing after receiving a limited pardon removing the death penalty as a legal consequence of his actions. The circuit court held defendant Samuel Morgan was not entitled to a hearing on remand and sentenced him to natural life in prison. We agree defendant was not entitled to a new hearing under the facts here and the reasoning set out in People v. Collins, 351 Ill. App. 3d 959, 815 N.E.2d 860 (2004). Natural life imprisonment was the only legal sentencing alternative, other than death, for the offenses defendant committed. We affirm.

In 1983, defendant was convicted by a jury of two counts of murder, one count of aggravated kidnaping and one count of rape. The circuit court sentenced defendant to death on the murder convictions and to prison terms on the aggravated kidnaping and rape convictions.

Defendant's convictions and death sentence were affirmed on direct appeal to the supreme court but his sentences for aggravated kidnaping and rape were reduced. See People v. Morgan, 112 Ill. 2d 111, 492 N.E.2d 1303 (1986) (Morgan I).

Defendant filed his first postconviction petition in 1988. The petition was denied following an evidentiary hearing. On review, the supreme court affirmed defendant's convictions but vacated his death sentence. See People v. Morgan, 187 Ill. 2d 500, 719 N.E.2d 681 (1999) (Morgan II). The court held the errors of defendant's counsel during the aggravation-mitigation phase of the sentencing proceeding raised serious doubt as to the propriety of defendant's sentence. Morgan II, 187 Ill. 2d at 557. The cause was remanded to the circuit court "for a new sentencing hearing." Morgan II, 187 Ill. 2d at 557.

While the matter was pending on remand, defendant filed a second postconviction petition that asserted actual innocence based on newly discovered evidence. The new sentencing hearing was stayed pending resolution of defendant's second postconviction petition. The petition was subsequently denied and defendant appealed directly to the supreme court. The supreme court affirmed. People v. Morgan, 212 Ill. 2d 148, 817 N.E.2d 524 (2004) (Morgan III). With respect to the Morgan II proceedings, the court said "[u]pon issuance of this court's mandate, the stay of new sentencing proceedings previously ordered by our court shall be lifted." Morgan III, 212 Ill. 2d at 165-66.

While defendant's appeal in Morgan III was pending, then-Governor George H. Ryan issued a partial pardon to defendant and others facing the death penalty "by removing the maximum sentence for these defendants in future sentencing hearings." People ex rel. Madigan

v. Snyder, 208 Ill. 2d 457, 476, 804 N.E.2d 546 (2004). The pardons read:

> "Sentence Commuted to a Sentence Other Than Death for the Crime of Murder,
>
> So that the Maximum Sentence that may be Imposed is Natural Life Imprisonment
>
> Without the Possibility of Parole or Mandatory Supervised [Release]."

The supreme court upheld the validity of these pardons in Snyder. The court said:

> "[T]he Governor's constitutional authority to issue pardons after conviction is
>
> sufficiently broad to allow him to reduce the maximum sentence the defendant is
>
> facing. In such a situation, the Governor is exercising his power to prevent or
>
> mitigate punishment by pardoning the defendant from the full extent of the
>
> punishment allowed by law." Snyder, 208 Ill. 2d at 477.

Once the mandate in Morgan III issued, the stay on defendant's new sentencing proceedings lifted and the circuit court was presented for the first time with the Governor's limited pardon. Defendant moved for a full sentencing hearing. The State argued defendant was not entitled to a hearing because, under the terms of the limited pardon, defendant must be sentenced to natural life in prison. The circuit court agreed with the State, denied defendant's motion for a hearing and sentenced defendant to natural life in prison. Defendant argues on appeal he was entitled to a new sentencing hearing.

A similar issue arose in Collins. The defendants there were sentenced to death for committing a double murder. Collins, 351 Ill. App. 3d at 960. The defendants sought *habeas corpus* relief in federal court. Collins, 351 Ill. App. 3d at 960. The district court granted the defendants relief from their sentences and the Seventh Circuit affirmed, "holding that the

3

defendants were entitled to a new sentencing hearing in order to determine whether the death penalty should be imposed." Collins, 351 Ill. App. 3d at 960, citing Bracy v. Schomig, 286 F.3d 406 (7th Cir. 2002). After the Seventh Circuit issued its opinion and before a new sentencing hearing could be held, then-Governor Ryan issued clemency orders--identical to the clemency order issued here--eliminating the death penalty as an available punishment. Collins, 351 Ill. App. 3d at 960-61. On remand from the Seventh Circuit, our state circuit court denied the defendants a new sentencing hearing and remanded both to the Department of Corrections to serve life sentences. Collins, 351 Ill. App. 3d at 961.

The Collins defendants argued on appeal that the circuit court violated the terms of the clemency order by not holding a new sentencing hearing. Collins, 351 Ill. App. 3d at 961. This court disagreed. Applying Snyder, this court first characterized the clemency orders as partial pardons that absolved the defendants from a portion of the legal consequences of their crimes. Collins, 351 Ill. App. 3d at 962. The court noted that a defendant who is found guilty of murdering more than one person must be sentenced to natural life imprisonment or, where appropriate, to death. Collins, 351 Ill. App. 3d at 962 (quoting Ill. Rev. Stat. 1981, ch. 38, par. 1005-5-3(c)(1) (" '[w]hen a defendant is found guilty of murder the State may either seek a sentence of imprisonment under section 5-8-1 of this Code, or where appropriate seek a sentence of death," and Ill. Rev. Stat. 1981, ch. 38, par. 1005-8-1(a)(1)(c) (" 'if the defendant *** is found guilty of murdering more than one victim, the court shall sentence the defendant to a term of natural life imprisonment' ")). The court held the effect of the clemency orders "was to mitigate the defendants' sentences of death to sentences of natural life imprisonment, not to commute their

sentences to an undetermined term." Collins, 351 Ill. App. 3d at 962. The circuit court was not required to hold a new sentencing hearing. Collins, 351 Ill. App. 3d at 962.

Defendant argues Collins contradicts Snyder. Snyder dealt specifically with clemency orders issued to inmates who received death sentences that were later reversed--either on direct appeal or through a collateral proceeding--and who were awaiting a new sentencing hearing. Snyder, 208 Ill. 2d at 469-78. The court held those clemency orders were not commutations because they did not remove the death sentence and replace it with a lesser sentence. Snyder, 208 Ill. 2d at 474-77. Rather, the clemency orders granted the defendants partial pardons "by pardoning only the possible capital consequences of the offense." Snyder, 208 Ill. 2d at 476. A defendant who, while awaiting a new sentencing hearing, receives a partial pardon exonerating him from some but not all of the legal consequences of his crime does not lose his right to that hearing under Snyder.

Collins does not stand for a contrary proposition. The Collins court held the defendants there were not entitled to a new sentencing hearing because the only other legal consequence of the defendants' crimes was natural life imprisonment. Collins, 351 Ill. App. 3d at 962. In other words, there was no sense in holding a new sentencing hearing because the trial court was required under the penal code to sentence the defendants to natural life in prison. Collins, 351 Ill. App. 3d at 962.

Like the defendants in Collins, defendant here was found guilty of murdering more than one person. There are two available punishments for committing double murder: death or life imprisonment. 730 ILCS 5/5-5-3(c)(1), 5-8-1(a)(1)(c)(ii) (West 2006) (formerly Ill. Rev. Stat.

1981, ch. 38, pars. 1005-5-3(c)(1), 1005-8-1). The clemency order removed the death penalty as an available sentence, leaving only natural life imprisonment. We find, as did the court in Collins, that a new sentencing hearing under these circumstances is not required. A new sentencing hearing could not have yielded a different result; natural life imprisonment is the only possible sentence defendant can receive for committing a double murder.

Defendant argues Collins is distinguishable because the defendants there obtained relief from their sentences through federal *habeas corpus* proceedings. This affected the posture of the Collins defendants when the Governor granted clemency. As explained in Snyder, the Collins defendants' death sentences remained intact after *habeas* relief was granted because the federal court lacked authority to vacate the state court judgment. See Snyder, 208 Ill. 2d at 469. But this distinction is without consequence. The Collins defendants were in the same position as defendant here at the time of resentencing. All three were absolved of the death penalty and awaiting new sentencing hearings for double murders.

Defendant argues the partial pardon defeated the statutorily mandated sentencing range of death or natural life in prison. Defendant cites People ex rel. Smith v. Jenkins, 325 Ill. 372, 376-77, 156 N.E. 290 (1927), where the court held a governor is not restricted to commuting sentences to fit a statutory range enacted by the legislature. But the clemency order here, unlike the clemency order in Smith, did not commute defendant's sentence to a term under the statutory minimum. The clemency order, which was identical to the clemency orders granted to other murder convicts awaiting new sentencing, only removed the death penalty as an available sentence. See Snyder, 208 Ill. 2d at 476. The order read: "Sentence Commuted to a Sentence

Other Than Death for the Crime of Murder, So that the Maximum Sentence that *may* be Imposed is Natural Life Imprisonment Without the Possibility of Parole or Mandatory Supervised [Release]."  (Emphasis added.)  Defendant argues the word "may," "coupled with the fact that the Governor did not simply commute [defendant's] sentence to natural life, has the effect of altering the range of available sentences: the circuit court could have sentenced [defendant] to natural life, or it could have imposed a lesser sentence of a term of years."

It is undisputed that the Governor possessed the authority to commute defendant's sentence to a term of years under the statutory minimum.  But the Governor did not do so here.  See Snyder, 208 Ill. 2d at 475-77.  He entrusted the ultimate sentencing determination to the circuit court, which does not have the authority to impose a sentence below the statutory minimum.  See People ex rel. Fullenwider v. Jenkins, 322 Ill. 33, 39 (1926) (governor cannot delegate the power to commute a sentence); People v. McCoy, 337 Ill. App. 3d 518, 786 N.E.2d 1052 (2003) (section 5-8-1(a)(1)(c)(ii) of the Unified Code of Corrections places a mandatory requirement on courts to sentence a defendant who committed more than one murder and who is not eligible for death to a term of natural life imprisonment).  The circuit court imposed the only sentence it was authorized by statute to impose: natural life in prison.

The judgment of the circuit court is affirmed.

Affirmed.

GARCIA and R.E. GORDON, JJ., concur.