THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM J. WALKER, Defendant-Appellant.

(No. 54746;

First District—March 3, 1972.

Gerald W. Getty, Public Defender, of Chicago, (John T. Moran, Jr. and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James E. Sternik, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

In 1965, defendant shot and killed his wife, for which he was indicted for murder, but found guilty of voluntary manslaughter and sentenced to a term of 10 to 20 years. (Ill. Rev. Stat. 1965, ch. 38, par. 9—2.) On appeal, the conviction was upheld but the cause was remanded for re-sentencing after conducting a hearing (which had been omitted at the original trial) in aggravation and mitigation. *People v. Walker*, 103 Ill. App.2d 308, 243 N.E.2d 674.

Such a hearing was held and defendant was again given the same sentence of 10 to 20 years. At the hearing, the following facts were developed.

There was no evidence in aggravation. The crime itself, as found by the trial court at trial, was one of sudden and intense passion following a domestic quarrel. Defendant had immediately and repeatedly called the police, urging them to hurry, as he had shot and thought he had killed his wife. Upon their arrival, he besought them to kill him then and there, saying, "My God look at what I have done to my family." There were four children.

At the trial, a psychiatrist testified to an opinion of transient insanity, but the defense did not prevail.

The record shows that until the instant in question, defendant had not been a man of violence, and he was without any prior criminal record. Several character witnesses testified to his good reputation in the community, and it was shown that defendant had been a Detective in the Illinois State Police for the preceding six-year period. His partner on the force for three of those years (who, at the time of the hearing, was Assistant Director of the State Police Training Academy), testified that he had never known defendant to act violently, and urged the court that he be placed on probation.

Defendant had enlisted in the Air Force, served for four years, and received an honorable discharge. He had earned an academic degree by night school attendance at Wilson Junior College. He held an extra job as a real estate broker, and had purchased a home for his family. His real estate partner, an attorney, also testified on his behalf at the hearing, pointing out that he was a non-violent person with a good reputation in the community.

The hearing also developed facts concerning defendant's behavior after his incarceration. A lengthy Classification Report of the Department of Public Safety, including psychiatric analysis made about 15 months after the offense, was introduced into evidence. It stated that defendant believed his wife had been wanting to provoke him into strik-ing her so she could get a divorce on the grounds of cruelty. They had

talked about a divorce quite a good deal. Further reference was made to this situation in stating, "It is felt that this man is generally normal except for the conditions that were building up in his home prior to the crime." The report classified defendant as a person "without need of mental treatment and not mentally retarded. Improvable offender. Unstable personality, psychoneurosis anxiety state now considered to be in remission. Average intelligence. Favorable prognosis."

After examination at the penitentiary on August 19, 1968, defendant was given a favorable report based on his "excellent work record and excellent disciplinary record." He was then approved for minimum security and was made a clerk in the Officers' Commissary at Stateville.

Under facts not greatly different from those in this case, in which a murder charge had resulted in reduction to voluntary manslaughter by the Appellate Court (*People v. Cooke*, 93 Ill.App.2d 376, 236 N.E.2d 97), the trial court (as in the instant case), imposed the same sentence of 14 to 20 years. On a second review by the Appellate Court, the sentence was reduced to a term of 3 to 6 years. *People v. Cooke*, 117 Ill. App.2d 296, 254 N.E.2d 293.

The trial judge in the instant case, in expressing his thoughts at the time of the original sentence of 10 to 20 years, had said:

"I could say, possibly now, if I released him he would be a decent citizen in society, and not be involved in any more conflict with the law, but we must also inflict punishment or else we would have no control in determining who should remain free and who should serve some time in prison."

After presentation of the facts recited above at the hearing in mitigation, the judge did refer to the fact that defendant might well be out on parole in six years, but found no basis to justify a lesser sentence.

Those six years have now gone by, and, based on the evidence produced at the hearing in mitigation, which was conducted from the vantage point in time four years after commission of the offense (see *People v. Ford* (1972), 4 Ill.App.3d 291, (N.E.2d), we believe that defendant has sufficiently established a more favorable potential for rehabilitation so as to qualify this as an appropriate case for us to reduce defendant's sentence under the authority of Supreme Court Rule 615(b). Ill. Rev. Stat. 1969, ch. 110A, par. 615(b).

Defendant's sentence is therefore modified to a term of not less than seven nor more than fitfeen years, and, as so modified, is affirmed.

Affirmed as modified.

LORENZ, P. J., and DRUCKER, J., concur.