THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE WILLIS, Defendant-Appellant.

First District (5th Division)   No. 1—91—2794

Opinion filed July 10, 1992.—Rehearing denied August 28, 1992.

Rita A. Fry, Public Defender, of Chicago (Elyse Krug Miller, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Rogelio Pena, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Following a bench trial, defendant George Willis was found guilty of voluntary manslaughter and sentenced to 10 years' imprisonment. On direct appeal, his conviction was affirmed, but the cause was remanded for resentencing because the trial court imposed the sentence based on the aggravating factor that defendant's conduct resulted in the taking of a life. (*People v. Willis* (1991), 210 Ill. App. 3d 379, 569 N.E.2d 113.) Following a new sentencing hearing, defendant was again sentenced to 10 years' imprisonment. Defendant challenges the sentence on the following bases: (1) the trial court abused its discretion by improperly holding defendant to a higher standard of rehabilitation than is required by law; (2) the court's finding that mitigating factors were not present was against the manifest weight of the evidence; and (3) the court had no grounds to impose the same sentence where the original sentence was vacated because of the court's consideration of an improper aggravating factor, and where no new matters in aggravation were presented at the resentencing hearing.

At the new sentencing hearing, decedent's mother read a victim-impact statement. The State then referred to the brutal character of defendant's conduct in the commission of the offense. Specifically, the State pointed out that defendant inflicted numerous stab wounds to decedent. In mitigation, defendant's landlady, supervisor and brother

testified concerning defendant's good character and peaceful nature. Prior to the hearing, defendant had been employed for two years for a railroad company. He began his employment as a laborer on a "steel gang" and was promoted to machine operator. His supervisor recalled one instance where he unjustifiably "came down pretty hard" on defendant and defendant did not become aggressive or lose his temper. The record contained a statement from Ralph Stevens, a tavern owner who knew defendant. Stevens recalled an incident at his tavern in 1988. He was talking with defendant when four men entered the tavern. According to Stevens, one of the men "appeared to be trying to provoke George." Defendant ignored the man. When Stevens told the man to leave defendant alone or vacate the premises, the man grabbed a club Stevens kept on a shelf and threatened Stevens. When the man moved as if to hit Stevens, defendant disarmed him. "The three other men jumped on George from behind, but he was able to discourage their attempts to fight and they then withdrew and left the tavern." Stevens concluded, "I have only admiration for his reserved behavior, and bravery that night, as well as his ability to defuse that situation." Defendant was honorably discharged from the army and obtained an associate of arts degree from a junior college. Defendant had no prior convictions.

After hearing matters in aggravation and mitigation, the court sentenced defendant to 10 years' imprisonment, stating:

"[T]he Appellate Court points out that the manner in which the crime was committed is something that can appropriately be considered, as well as the factors listed in the statute in mitigation and the other factors listed in aggravation.

It's true that the defendant has no history of prior delinquency or criminal activity and that he has no history of anything of that sort subsequent to this offense as well.

And I considered that in arriving at the original sentence, and I am still considering it today.

It is also true that at least in his initial stabbing of Lee Cummings, George Willis acted under strong provocation and, in fact, I found that the first stabbing was an act conducted in self-defense.

But the fact remains that George Willis stabbed Lee Cummings ten more times after that, and four of them were in the back while Lee Cummings was begging and pleading for his life.

I am reviewing in my mind—or I have reviewed in my mind, I should say, whether or not the character and attitude of the defendant indicate that he is unlikely to commit another crime.

And whether or not it's likely that the circumstances would recur, or whether these are circumstances that are unlikely to recur, and I am not convinced enough of that to find those factors exist in mitigation.

Arguments with other people can always occur. Arguments with people in superior positions can always occur. Arguments that lead to physical violence can occur.

\* \* \*

I think the statement made by defense counsel in argument in mitigation, in fact, correctly sums up the situation here.

She said that George Willis has lived the last five years just like he lived the first 32, and I agree with that.

I think that he has done the best he could do for himself and in the intervening years between the killing of Lee Cummings and today's resentencing hearing George has kept himself busy. He's improved his personal income. He's working on his education. He's joined some social organizations. He's working on his own self-esteem.

But I also feel that this is for himself and while he may have been given the last four years, or five years, in which to do that by virtue of the fact that he was not incarcerated, that there has not been a significant change that's been demonstrated to me by the evidence presented and the arguments of the attorneys that would change my opinion as to the likelihood—Let me put it this way.

As to the necessity for protecting society, the serious nature of the offense, and the qualities of the defendant himself.

I agree Mr. Willis hasn't made it any worse, and I'm certainly glad of that. But I haven't really heard anything here that would lead me to believe me that he's made it better in such a way that probation would be an appropriate disposition in this case. I don't think it is.

Having considered all the factors listed by the statute, all of the evidence that's been presented to me today, and the arguments, the sentence that I feel is appropriate here is again a period of incarceration.

And my original determination as to the period that would be appropriate has not changed."

■ A sentence within the statutory limitations will not be disturbed on review absent an abuse of discretion. (*People v. Lucas* (1991), 215 Ill. App. 3d 148, 156, 574 N.E.2d 850.) However, if the trial court has abused its discretion, this court has the power and authority under Supreme Court Rule 615(b)(4) (107 Ill. 2d R. 615(b)(4)) to reduce the sentence imposed by the trial court. While we recognize that the reviewing court must exercise its authority under Rule 615 sparingly, it is our opinion that this is a proper case in which to exercise our authority to reduce defendant's sentence.

When we remanded this case to the trial court to conduct a new sentencing hearing, we instructed the trial court that it may not consider as an aggravating factor that defendant's conduct resulted in the taking of a life. At the second sentencing hearing, the State introduced essentially the same evidence in aggravation that it had introduced in defendant's first sentencing hearing. This evidence concerned the amount of stab wounds defendant inflicted on the victim and the manner in which the victim died. While the State introduced a victim-impact statement read by the victim's mother, this statement was virtually identical to the statement that had been read by the victim's cousin in defendant's first sentencing hearing. Despite the fact that the trial court had one less aggravating factor to consider, the trial court again sentenced defendant to 10 years.

A similar situation occurred in *People v. McCumber* (1986), 148 Ill. App. 3d 19, 499 N.E.2d 139, wherein the court vacated the defendant's 10-year sentence for voluntary manslaughter because of the trial court's consideration of improper factors. On remand, the trial court again imposed a 10-year sentence, but this time the sentences were to run concurrently, rather than consecutively. In reducing the defendant's sentence to seven years, the appellate court found that it had engaged in an act of futility in remanding the case for a resentencing hearing since defendant's original sentence was determined after considering improper factors and at defendant's second sentencing hearing the judge imposed the same sentence.

■ In the instant case, while no new aggravating evidence was introduced at defendant's second sentencing hearing, new mitigating evidence was submitted. At the second hearing, as in the initial sentencing hearing, defendant introduced evidence that he had no prior criminal record, had a peaceful nature prior to the incident, served in the military and received an honorable discharge, and received a degree from junior college. At the resentencing hearing, defendant submitted additional mitigating evidence pertaining to his conduct since the stabbing while defendant was free on appeal bond. Defendant

introduced evidence of his peaceful nature since the stabbing, the counselling he received in order to help him deal with anger and aggression, his continued schooling and his steady employment. This mitigating evidence indicates that defendant has strong potential for rehabilitation. See *People v. Walker* (1972), 4 Ill. App. 3d 294, 280 N.E.2d 726 (in reducing defendant's sentence, the court observed that the mitigating evidence introduced at the resentencing hearing "from the vantage point in time four years after the commission of the offense" showed "that defendant has sufficiently established a more favorable potential for rehabilitation so as to qualify this as an appropriate case for us to reduce defendant's sentence"). 4 Ill. App. 3d at 296.

Based on these particular circumstances, where no new factors in aggravation were introduced, the trial court had one less aggravating factor to consider, and new mitigating evidence was introduced, we exercise our authority under Supreme Court Rule 615 to reduce defendant's sentence to seven years.

Accordingly, defendant's sentence is affirmed as modified.

Affirmed as modified.

LORENZ and MURRAY, JJ., concur.