2024 IL App (1st) 230324-U

FOURTH DIVISION
Order filed: January 18, 2024

No. 1-23-0324

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of Cook |
| Plaintiff-Appellee, | ) | County. |
| | ) | |
| v. | ) | No. 13 CR 4269 |
| | ) | |
| QUOVADUS MAHOMES, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford concurred in the judgment.
Justice Ocasio III dissented.

**ORDER**

¶ 1    *Held*: We affirmed the defendant's resentencing on remand, finding that it was not an abuse

of discretion.

¶ 2    Following a bench trial, defendant, Quovadus Mahomes, was convicted of first degree

murder, two counts of aggravated battery with a firearm, and aggravated discharge of a firearm for

offenses committed when he was 17 years old. He was sentenced to 30 years' incarceration for the murder, two terms of 7 years for the aggravated batteries, and a 5-year term for aggravated discharge of a firearm. The trial court ordered the two aggravated battery sentences to run consecutive to the murder sentence and each other and ordered the aggravated discharge sentence to run concurrently for an aggregate sentence of 44 years' imprisonment in the Department of Corrections.

¶ 3    On direct appeal, this court affirmed the defendant's convictions, but finding that the imposition of a 44-year sentence for crimes the defendant committed as a juvenile constituted a *de facto* life sentence and violated the eighth amendment of the United States Constitution (U.S. Const. amend. VIII), we vacated the defendant's sentence and remanded the matter for resentencing. *People v. Mahomes*, 2020 IL App (1st) 170895, ¶¶ 20, 24, 25, 27,

¶ 4    Following remand, the trial court held a sentencing hearing and reimposed the same individual sentences but ordered that the two 7-year sentences for aggravated battery and the 5-year sentence for aggravated discharge of a firearm run concurrently with each other and consecutive to the 30-year murder conviction for an aggregate sentence of 37 years' imprisonment. On appeal, the defendant argues that the trial court abused its discretion when it sentenced him to the "same sentences" despite the presence of significant new mitigation and no new aggravation. For the reasons that follow, we affirm.

¶ 5    At the sentencing hearing conducted after remand, the parties agreed to waive the preparation of a new presentencing investigation (PSI). In aggravation, the State presented the testimony of Kimberly Common, the murder victim's mother, and published a letter she had written to the court. In mitigation, the defendant presented the testimony of Angela Swanagan, the defendant's mother. Swanagan described the defendant's childhood and testified she forced him to fight other children

because she did not want him to be a "punk" or a "sissy." Swanagan further testified that the defendant's teachers recommended special education classes for him but that she resisted. Swanagan opined that she had "created a monster" and blamed herself for the defendant's upbringing. The defendant also presented several letters from family members who stated they missed the defendant and that he had matured and taken responsibility for his actions while in prison. Finally, the defendant introduced as an exhibit a mitigation packet which had previously been submitted to the court.

¶ 6    The State argued that, under the statutes in effect at the time of resentencing, the defendant would be eligible for parole after 20 years. The State asserted that the 40-year sentence limitations of *People v. Buffer*, 2019 IL 122327, did not apply to defendant's resentencing.  The State took the position  that the trial court should reimpose the 44-year aggregate sentence.

¶ 7    The defendant argued that he should be resentenced taking into consideration the factors listed in section 5-4.5-105 of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/5-4.5-105 (West 2022)). The defendant then highlighted the factors in section 5-4.5-105 he deemed most relevant. The defendant concluded that the minimum sentence of 26 years would be appropriate.

¶ 8    After hearing arguments in aggravation and mitigation, the trial court heard the defendant speak in allocution. The trial court found:

> "So I am still finding that what happened here was – the crime itself, I am having trouble
> finding any mitigating factors here to lessen the severity of what Mr. Mahomes did, going
> down to the neighborhood to sell drugs in an unfamiliar place, armed with a weapon, using
> it so quickly, knowing that Philip, who was somebody was hit, did know what was going on.

That is still troubling. And that is something that happened and something that -- that is the person that he is.

With that said, I do find -- I have heard more mitigation than before."

Ultimately, as stated earlier, the trial court sentenced the defendant to 30 years' incarceration for the murder, 7 years for each of the aggravated battery convictions, and 5 years for aggravated discharge of a firearm and ordered that the two 7-year sentences and the 5-year sentence run concurrent to each other and consecutive to the 30-year murder sentence for an aggregate sentence of 37 years' incarceration. The trial court concluded: "So it's 37 years instead of 44." The defendant moved to reconsider the sentence and the trial court denied the motion. This appeal followed.

¶ 9 The defendant contends that the trial court abused its discretion when it imposed the same sentences on him despite the presence of significant new mitigation and no new aggravation. A trial court has broad discretion in sentencing a defendant. *People v. Streater*, 2023 IL App (1st) 220640, ¶ 73 (citing *People v. Stacey*, 193 Ill. 2d 203, 209 (2000)). We will reverse only where the trial court has abused that discretion. *Id.* Each of the defendant's sentences are within the applicable statutory sentencing limits and are, therefore, presumed proper. See *People v. Webster*, 2023 IL 128428, ¶ 21.

¶ 10 When the trial court imposes a sentence, it is constitutionally bound to impose a sentence that achieves a balance between the seriousness of the offense and the defendant's rehabilitative potential. *People v. Knox*, 2014 IL App (1st) 120349, ¶ 46; Ill. Const. 1970, art. 1, § 11. Factors to be considered in striking this balance include " 'the nature and circumstances of the crime, the defendant's conduct in the commission of the crime, and the defendant's personal history, including his age, demeanor, habits mentality, credibility, criminal history, general moral character, social environment, and education.' " *Knox*, 2014 IL App (1st) 120349, ¶ 46 (quoting *People v.*

*Maldonado*, 240 Ill. App. 3d 470, 485-86 (1992)). When the defendant is a juvenile the Code of Corrections requires the trial court to consider additional factors including:

"(1) the person's age, impetuosity, and level of maturity at the time of the offense, including the ability to consider risks and consequences of behavior, and the presence of cognitive or developmental disability, or both, if any;

(2) whether the person was subjected to outside pressure, including peer pressure, familial pressure, or negative influences;

(3) the person's family, home environment, educational and social background, including any history of parental neglect, physical abuse, or other childhood trauma;

(4) the person's potential for rehabilitation or evidence of rehabilitation, or both;

(5) the circumstances of the offense;

(6) the person's degree of participation and specific role in the offense, including the level of planning by the defendant before the offense;

(7) whether the person was able to meaningfully participate in his or her defense;

(8) the person's prior juvenile or criminal history; and

(9) any other information the court finds relevant and reliable, including an expression of remorse, if appropriate. However, if the person, on advice of counsel chooses not to make a statement, the court shall not consider a lack of an expression of remorse as an aggravating factor." 730 ILCS 5/5-4.5-105(a) (West 2022)

However, the most important sentencing factor remains the seriousness of the offense and the trial court is not required to assign more weight to the defendant's potential for rehabilitation than the seriousness of the offense. *People v. Cruz*, 2019 IL App (1st) 170886, ¶ 51.  Although there are nine

additional factors identified in section 5-4.5-105(a) to be considered when a juvenile is sentenced, a trial court is not required to analyze each factor on the record before sentencing the defendant. *People v. Marks*, 2023 IL App (3d) 200445, ¶ 61. When mitigating factors are presented to the trial court, we presume it properly considered those factors, unless the record demonstrates the court did not. *Id.*

¶ 11    The record in this case, including the evidence adduced at the defendant's trial, the PSI, the testimony of Swanagan, the letters from the defendant's family members, the defendant's mitigation packet, and the arguments of counsel in mitigation and aggravation, reflects that the factors to be considered pursuant to Section 5-4.5-105(a) of the Code of Corrections were before the court during resentencing. The trial court acknowledged that it had received additional mitigation evidence. However, it also found that the additional mitigation did not outweigh the seriousness of the offense. The trial court was under no obligation to reduce the sentence on remand. See *People v. Flanery*, 243 Ill. App. 3d 759, 761 (1993) ("when a sentence is vacated on appeal and the cause is remanded for a new sentencing hearing, that action should not be construed as a mandate to the trial judge to impose a lesser sentence on remand"). The trial court's comments make it clear that it did not feel the additional mitigation was sufficient to warrant a reduction in the defendant's sentence. Although additional mitigation was presented, the trial court was in the best position to determine the weight to accord this mitigation in light of the seriousness of the offenses. Therefore, we cannot conclude that the trial court abused its discretion in sentencing the defendant.

¶ 12    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 13    Affirmed.

¶ 14    JUSTICE OCASIO III, dissenting:

¶ 15    I respectfully dissent from the majority's decision and for the following reasons would remand the matter for a new sentencing hearing.

¶ 16    Quovadus Mahomes was a seventeen-year-old young man who committed a violent crime. He was found guilty of murder, aggravated battery by discharge of a firearm—two counts—and aggravated discharge of a firearm. The trial court originally sentenced him to 30 years on the murder, 7 years on each of the aggravated batteries, and 5 years on the aggravated discharge. It ran the murder and aggravated battery sentences consecutively, resulting in an aggregate term of 44 years in the Illinois Department of Corrections. On direct appeal, we confirmed his convictions, but we recognized that the 44-year aggregate term amounted to a *de facto* life sentence under our supreme court's decision in *People v. Buffer*, 2019 IL 122327. *People v. Mahomes*, 2020 IL App (1st) 170895, ¶ 20. Because the trial court had not given full consideration to the factors identified in *People v. Holman*, 2017 IL 120655, ¶ 46, *overruled by People v. Wilson*, 2023 IL 127666, ¶ 42, we found that the aggregate sentence was unconstitutional, and we vacated Mahomes's sentences and remanded for a new sentencing hearing. *Mahomes*, 2020 IL App (1st) 170895, ¶¶ 21-25.

¶ 17    There is no dispute that, at the re-sentencing hearing, Mahomes presented mitigation evidence that had not been proffered at his original sentencing hearing, primarily in the form of a new mitigation report explaining how a combination of parental misguidance and abandonment, the loss of his best friend to gun violence, and the kind of impulsive and reactionary behavior typical of juveniles contributed to his decision to pull out a gun he was carrying and fire several shots at a group of people walking his direction that included a man in a rival gang who had pointed a gun at him on the street two weeks earlier. Despite this new mitigation evidence, the trial court imposed exactly the same sentences that it had before on the individual convictions: 30 years for murder, 7 years for each aggravated battery, and 5 years for aggravated discharge. The only difference is that the trial court decided that the aggravated-battery and aggravated-discharge sentences would be served concurrently, albeit consecutive to the murder sentence, resulting in an aggregate term of 37 years.

¶ 18    Mahomes argues that, in light of the new mitigation, the trial court abused its discretion by imposing the same sentences that it had before. I do not dispute that trial courts generally do not have a duty to reduce sentences on remand. *Supra* ¶ 11 (citing *People v. Flanery*, 243 Ill. App. 3d 759, 761 (1993)). But Mahomes relies on *People v. Willis*, 231 Ill. App. 3d 1056 (1992), where the court found that the trial court erred by imposing the same sentence after a new sentencing hearing on remand. The majority has chosen not to address *Willis*, but I find it to be persuasive. In *Willis*, the defendant's original 10-year sentence for voluntary manslaughter had been vacated on appeal because the trial court had improperly relied on the death of the victim, which was inherent in the offense, as an aggravating factor. *Id.* at 1057. At the re-sentencing, the defendant presented new mitigating evidence of his conduct following the original sentencing hearing tending to show that he had a strong potential for rehabilitation. *Id.* at 1060-61. Despite this new mitigating evidence, the trial court once again imposed a 10-year sentence. *Id.* at 1058-60. On appeal, the court found that the trial court's failure to account for the new evidence in mitigation was an abuse of discretion. *Id.* at 1060-61. It chose to exercise its authority to reduce the sentence to 7 years rather than remanding for a third sentencing hearing. *Id.* at 1061.

¶ 19    I do not see a meaningful distinction between this case and *Willis*. Here, as in *Willis*, significant new mitigating evidence was before the trial court at the re-sentencing hearing. Here, as in *Willis*, the court sentenced Mahomes to the same terms of imprisonment as before, indicating that it had not taken that mitigation into account. I recognize that the trial court changed the consecutive-sentence structure in a way that resulted in a reduction in the aggregate term from 44 to 37 years. But, with the notable exception of evaluating whether consecutive sentences result in a *de facto* life sentence, our supreme court has consistently taught "that consecutive sentences do not constitute a single sentence and cannot be combined as though they were one sentence for one offense." *People v. Carney*, 196 Ill. 2d 518, 530 (2001); but see *People v. Reyes*, 2016 IL 119271, ¶¶ 8-10 (aggregating sentences imposed for offenses committed during same course of conduct and concluding that aggregate sentence amounted to *de facto* life). Applying that principle here, the trial court did not

reduce any of Mahomes's sentences in light of the new mitigation. As in *Willis*, I believe that was an abuse of discretion.

¶ 20     Additionally, I do not agree with the majority that the record shows that the trial court gave adequate consideration to the youth-related sentencing factors that it was required to by statute. See 730 ILCS 5/5-4.5-105(a) (West 2022). I find especially worrying the judge's declaration at the re-sentencing hearing that the offense committed by Mahomes when he was a teenager forever defined who he was as a person:

> "[THE COURT:] So I am still finding that what happened here was—the crime itself, I am having trouble finding any mitigating factors here to lessen the severity of what Mr. Mahomes did, going down to the neighborhood to sell drugs in an unfamiliar place, armed with a weapon, using it so quickly, knowing that Philip, who was somebody [that] was hit, did know what was going on. That is still troubling. And that is something that happened and something that— that is the person that he is."

These remarks run contrary to the core lesson on which recent juvenile-sentencing reforms, including section 5-4.5-105, are based, which is that offenses committed by juveniles are *not* emblematic of who they are or who they will become as they grow into adulthood. For most juvenile offenders, such conduct "reflects unfortunate yet transient immaturity." *Roper v. Simmons*, 543 U.S. 551, 573 (2005). It is only "the rare juvenile offender whose crime reflects irreparable corruption." *Id.* I will not reiterate the brain science of adolescents that suggest they lack the ability to consider risks and consequences. Suffice it to say that the fundamental differences between the developed mind of an adult and the developing mind of a juvenile "diminish the penological justifications" for using sentences to exact retribution on juvenile offenders and to incapacitate them for decades. *Miller v. Alabama*, 567 U.S. 460, 472-73 (2012). Retribution and incapacitation were at the forefront of this sentencing hearing.

¶ 21     The Convention on the Rights of the Child provides that "[t]he *** imprisonment of a child *** shall be used only as a measure of last resort and for the shortest appropriate period of

time." Convention on the Rights of the Child art. 37(b), Nov. 20, 1989, 1577 U.N.T.S. 3. The convention also recognizes "the right of every child alleged as, accused of, or recognized as having infringed the penal law to be treated in a manner *** which takes into account the child's age and the desirability of promoting the child's reintegration and the child's assuming a constructive role in society." *Id.* art. 40 ¶ 1. The United States has not ratified the convention, but our law nevertheless incorporates these principles. *E.g. Miller*, 567 U.S. 460; Ill. Const. 1970, art. I, § 11 (requiring sentences to be "determined *** with the objective of restoring the offender to useful citizenship"); 730 ILCS 5/5-4.5-105 (West 2022). As Bryan Stevenson has said, "Each of us is more than the worst thing we've ever done." Bryan Stevenson, *Just Mercy* 17-18 (trade paperback ed. 2015). That maxim applies with extra force to juvenile offenders. Because the record shows that the trial court did not look past the worst thing that Quovadus Mahomes has ever done, I would find that his sentences are the product of an abuse of discretion.

¶ 22     For these reasons, I respectfully dissent.